142 So.2d 873

**STATE of Alabama**

v.

**NORMAN TOBACCO COMPANY, Inc.**

6 Div. 769.

Supreme Court of Alabama.

June 14, 1962.

MacDonald Gallion, Atty. Gen., and Wm. H. Burton, Asst. Atty. Gen., for appellant.

Rogers, Howard, Redden & Mills, Birmingham, for appellee.

MERRILL, Justice.

This is an appeal from an order of the Circuit Court of Jefferson County, denying the State's motions to discharge and dissolve a temporary injunction, mandatory in nature, which was granted peremptorily without a hearing.

The bill shows that Norman Tobacco Company is primarily a wholesaler and distributor of tobacco and tobacco products; that the State, through the Department of Revenue, made a final assessment of tobacco tax against it in 1961, totaling $6,014.72, and that being dissatisfied with the assessment, they appealed to the circuit court, in equity, and gave a supersedeas bond as required by Tit. 51, § 140, Code 1940. It is further alleged that on the same day of the final assessment, June 5, 1961, the Chief of the Tobacco Tax Division wrote the taxpayer notifying them that their tax stamping permit had been cancelled because the Department, following a hearing on May 15, 1961, had found that the taxpayer had sold large quantities of tobacco products in the State without affixing the tobacco tax stamps. It was alleged that the company had ordered more stamps but the Tobacco Tax Division failed and refused to accept their check and would not sell any more stamps. As a result, the taxpayer would suffer irreparable injury and damages to its business.

The bill prayed that Harry H. Haden, as Commissioner of Revenue, H. S. Phifer, Chief of the Tobacco Tax Division, and Dewey Pinson, an agent of the Department of Revenue, be made parties; that the court find that the assessment of June 5, 1961, was illegal and set it aside, and that a temporary injunction issue restraining and enjoining the three named parties from refusing to sell tobacco tax stamps to Norman Tobacco Company, and enjoining them from further proceedings until this dispute could be settled.

The court issued the injunction upon the approval of a $1,000 injunction bond. The State filed a plea in abatement which was overruled, and then filed a motion to discharge and a motion to dissolve, and both of these motions were overruled. The State appealed.

The bill of complaint was framed in two aspects. One aspect was in relation to Tit. 51, § 140, Code 1940, which provides for appeals from assessments by the Revenue Department, and the second aspect sought an injunction against the above named officers and agents of the Department. (Tit. 51, § 732, provides that appeals from tobacco tax assessments shall be taken in accordance with Tit. 51, § 140).

■ The State contends that the court had no jurisdiction to entertain this bill for injunction because it is a suit against the State as prohibited by § 14 of the Alabama Constitution and that by reason of that fact, the trial court had no jurisdiction and the bill is wholly without equity. There is no dispute but that the jurisdiction vested in the trial court upon an appeal by the taxpayer from a final assessment and penalty made by the State Department of Revenue through the authority of Tit. 51, § 140, Code 1940. We have held that the statute is constitutional and this procedure is not a suit against the State. State Tax Commission v. Stanley, 234 Ala. 66, 173 So. 609.

■ We have also held that the enjoining of arbitrary action or abuse of discretion by public officials, or preventing irreparable damage, does not violate Art. 1, § 14, of the Constitution of Alabama.

We upheld the issuance of an injunction in an appeal from an assessment in the case of State v. Mobile & Ohio R. R. Co., 228 Ala. 533, 154 So. 91. There, the Mobile & Ohio R. R. Co., through its receivers, filed a statutory appeal from an assessment by the State Tax Commission under the General Acts of Alabama 1927, Section 73. In connection with its appeal, the railroad also requested a temporary injunction. From the decree of the trial court granting the injunction, the State appealed. This court said:

"Since the circuit court, in equity, has had jurisdiction thereby conferred,

it exercises that jurisdiction upon principles which apply in equity in the absence of statutes which confine the jurisdiction or procedure in that court to some certain course. * * *

"We think it should clearly appear from the statute that the chancery court was not intended to have the right to exercise its common law (so to speak) principles in conducting any power conferred upon it. It is significant that the appeal is to the equity side of the court. When so, that court, in the absence of restraint, exercises its own peculiar equity powers and remedies. If an injunction is appropriate, as a court of equity, it may issue an injunction. When a cause is thus removed to the equity court, the one doing so is the movant, and occupies the position of a complainant, and should file a complaint in that court in the nature of a bill in equity, setting out in detail the specific nature of the claim made by the complainant in respect to the tax and pray for appropriate relief, and may invoke any of the ordinary equity powers of that court. An issue should thus be made as in other equity cases. [Citing cases.]

\* \* \* \* \* \*

" * * * The right to a temporary injunction is often said to be measured by the existence of irreparable damage to petitioners, resulting from the proposed illegal and wrongful conduct of respondents. [Citing cases.]

"When a hearing is had on motion for a temporary injunction, as authorized by section 8304, Code, the situation resembles in many respects a hearing on a motion to dissolve an injunction which was granted without a hearing. Under such circumstances the court will weigh the respective consequences to the parties, and exercise a power which is largely discretionary, when the bill shows a right to relief. [Citing cases.]"

In State v. Louis Pizitz Dry Goods Co., 243 Ala. 629, 11 So.2d 342, we again approved the Mobile & Ohio case and held that a bill for declaratory judgment could be filed in connection with an appeal from an assessment.

In determining whether action against a state officer is a suit against the State in violation of constitutional prohibition, the court considers the nature of the suit or relief demanded. Horn v. Dunn Bros., Inc., 262 Ala. 404, 79 So.2d 11; Glass v. Prudential Ins. Co. of America, 246 Ala. 579, 22 So.2d 13.

Here, we have allegations that show how appellee will suffer irreparable injury if it is not permitted to purchase tobacco stamps until its case is finally determined. It has no adequate remedy at law, the bill contains equity, and the court does have jurisdiction.

Appellant argues that there is a misjoinder of parties because the officials and agents of the Revenue Department are made parties. It is true that we have held the State Department of Revenue and the Commissioner of Revenue are neither proper nor necessary parties in an appeal from an assessment under Tit. 51, § 140, Code 1940. If this were merely an appeal under the statute, the rule would apply. State v. Aluminum Ore Co., 263 Ala. 422, 82 So.2d 800; Alabama Textile Products Corp. v. State, 263 Ala. 533, 83 So.2d 42; Birmingham Vending Co. v. State, 251 Ala. 584, 38 So.2d 876. But, as already shown, there was an injunctive aspect to the bill which was directed at officials named in the pleading. We note that the State Tax Commission and the State Tax Commissioner were made parties to the bill and were enjoined in the appeal from an assessment in State v. Mobile & Ohio R. R. Co., 228 Ala. 533, 154 So. 91.

In passing on the application for the issuance of an injunction pendente lite, the trial court is invested with a wide judicial discretion and has the right to con-

sider and weigh the relative degree of injury or benefit to the respective parties, and where such discretion is not abused, the order of the circuit court will not be disturbed. Madison Limestone Co. v. McDonald, 264 Ala. 295, 87 So.2d 539; Slay v. Hess, 252 Ala. 455, 41 So.2d 582.

Here, the refusal to sell tobacco stamps to appellee pendente lite will inflict, under the allegations of the bill, irreparable injury upon it, while the State will continue to receive revenue from such sales.

It follows that injunctive relief granted pendente lite, solely to preserve the status of the appellee before the court from irreparable damage until a final determination of the issues, is not a suit against the State within the meaning of § 14 of Art. 1 of the State Constitution.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.