153 So.2d 234

**J. R. SOUTHALL et al.**

v.

**STRICOS CORPORATION et al.**

I Div. 40.

Supreme Court of Alabama.

May 9, 1963.

Thos. M. Haas and Douglas Stanard, Mobile, for appellees.

Sid C. Stuckey, Jr. and Jack Crenshaw, Montgomery, for appellants.

LAWSON, Justice.

This is an appeal from a decree of the Circuit Court of Mobile County, in Equity, denying a motion to dissolve a temporary injunction which was granted without a hearing. Section 757, Title 7, Code 1940.

The bill was filed by the owner and manager of the Metropolitan Restaurant in the City of Mobile against the Alabama Alcoholic Beverage Control Board, the members of the Board, and three of the Board's employees, seeking to prevent a revocation of a liquor license which had been previously issued to the restaurant.

The motion to dissolve, filed by the three employees of the Board, took the point, among others, that the suit is in reality an action against the State in violation of § 14 of the Alabama Constitution.

The bill for injunction alleged, in part, that the Board proposed to revoke the liquor license in an arbitrary and capricious manner in that, at the only hearing which had been afforded the complainants, no legal evidence was produced tending to show that the restaurant had violated any laws of the State or any regulation of the Board.

■ Section 14 of the Constitution provides that the State shall never be made a defendant in any court of law or equity. The State cannot consent to such a suit. Section 14 not only prevents a suit against the State, but against its officers and agents in their official capacity, when a result favorable to the plaintiff or complainant would directly affect a contract or property right of the State. State Docks Commission v. Barnes, 225 Ala. 403, 143 So. 581, and cases cited; Mead v. Eagerton, 255 Ala. 66, 50 So.2d 253.

■ We have pointed out that the decided weight of authority is to the effect that a suit brought against State officers in their official capacity is not a suit against the State as is forbidden by law, where the suit is to enjoin a State official from enforcing an unconstitutional law. Glass v. Prudential Insurance Co., 246 Ala. 579, 22 So.2d 13.

The constitutionality of the Alabama Beverage Control Law is not here questioned. But as shown above, the bill charges that the officers and employees of the Board proposed to act arbitrarily, capriciously and beyond their authority.

In St. Clair County v. Town of Riverside, 272 Ala. 294, 296, 128 So.2d 333, we said:

"Injunctive action may be maintained against a state official, if the official is acting beyond the scope of his authority or acting illegally, in bad faith, or fraudulently. A state's immunity from suit does not apply when 'officers under a mistaken interpretation of the law acting in the name of the State commit acts not within their authority which are injurious to the rights of others.' Curry v. Woodstock Slag Corp., 1942, 242 Ala. 379, 6 So.2d 479, 480. * * *"

In State v. Norman Tobacco Co., Inc., 273 Ala. 420, 422, 142 So.2d 873, we observed:

"We have also held that the enjoining of arbitrary action or abuse of discretion by public officials, or preventing irreparable damage, does not violate Art. 1, § 14, of the Constitution of Alabama."

To like effect see Engelhardt v. Jenkins et al., 273 Ala. 352, 141 So.2d 193.

■ We have pointed out that it is the nature of the suit or the relief demanded which the courts consider in determining whether an action against a State officer or agency is in fact a suit against the State in violation of the constitutional prohibition. Horn v. Dunn Brothers, Inc., 262 Ala. 404, 79 So.2d 11, and cases cited; State v. Norman Tobacco Co., Inc., supra.

In the present case no judgment is asked which will take away any property of the State, or fasten a lien on it, or interfere with the disposition of funds in the treasury, or compel the State, indirectly, by controlling its officers and employees, to perform any contract or to pay any debt.

■ We hold that this is not a suit against the State within the meaning of §

14 of the Constitution. See Texas Liquor Control Board v. Diners' Club, Inc. (Tex. Civ.App.), 347 S.W.2d 763; State ex rel. Florida Dry Cleaning & Laundry Board v. Atkinson, 136 Fla. 528, 188 So. 834; Hampton v. State Board of Education, 90 Fla. 88, 105 So. 323, 42 A.L.R. 1456; Miller Supply Co. v. State Board of Control, 72 W.Va. 524, 78 S.E. 672; Georgia Public Service Commission v. Atlanta Gas Light Co., 205 Ga. 863, 55 S.E.2d 618; Moore et al. v. Robinson, 206 Ga. 27, 55 S.E.2d 711.

The motion to dissolve took the point that the bill for injunction is without equity in that a court of equity does not have jurisdiction to interfere by injunctive process with the action of the Board in the exercise of its statutory right to revoke licenses issued by it.

A license to engage in the traffic in liquors is a privilege merely. There is in it no element of property right or vested interest of any kind. State ex rel. Crumpton v. Montgomery et al., 177 Ala. 212, 59 So. 294.

Although a licensee has no vested interest in his license, it was the intent of the Legislature, as we construe the Alabama Beverage Control Law, that a license not be revoked without cause.

If the language of § 20, Title 29, Code 1940, stood alone it might well be argued that a license could be revoked at the will of the Board, for that section provides:

"The board shall have full and final authority as to the suspension or revocation of any license issued hereunder. It shall have the full right and authority to suspend any license issued to any hotel, restaurant or club for any reason which it may deem sufficient and proper."

But § 20, Title 29, supra, does not stand alone. Section 5, Title 29, which enumerates the functions, duties and powers of the Board provides, in part, as follows: "To grant, issue and suspend or revoke *for* *cause* liquor licenses, and alcohol permits, as provided in this chapter." (Emphasis supplied.) And § 29, Title 29, which deals with the suspension or revocation of licenses, provides in part:

"The board *upon sufficient cause being shown* or proof being made that any licensee holding a license issued by the board, * * * has * * * violated any of the laws of this state relating to the manufacture, sale, possession or transportation of malt or brewed beverages, alcohol or other alcoholic beverages may upon due notice and proper hearing being given to the person so licensed, suspend or revoke the license issued by the board under the provisions of this chapter. In all cases where the board shall suspend or revoke a license, it shall set forth its findings of fact, the evidence from which such findings of fact are made, and the reasons upon which its action is based. * * *" (Emphasis supplied.)

The Alabama Alcoholic Beverage Control Law prescribes no method for reviewing the action of the Board revoking a license. Yet the requirements of § 29, Title 29, supra, indicate that a review was contemplated.

It is our view that a suit in equity cannot be used for the purpose of procuring a review of the proceedings of the Board wherein a license is revoked. State ex rel. Indiana Alcoholic Beverage Commission v. Superior Court of Vanderburgh County, 229 Ind. 483, 99 N.E.2d 247; State ex rel. Pollard and Burton v. Superior Court of Marion County, 233 Ind. 667, 122 N.E.2d 612. Common-law certiorari is the appropriate method to have the courts determine the question as to whether a liquor license was revoked without cause where there is no prescribed method. State Beverage Department et al. v. Willis, 159 Fla. 698, 32 So.2d 580; Vocelle et al. v. Maleszewski, 160 Fla. 291, 34 So.2d 436. See Baker v. Denniston-Boykin Co., 245 Ala.

407, 17 So.2d 148; Martin v. Carroll, 257 Ala. 179, 58 So.2d 106.

In our opinion the bill is without equity. It results that the decree granting the temporary writ of injunction is reversed and the cause remanded. See Glass v. Prudential Insurance Co., 246 Ala. 579, 22 So.2d 13.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.