266 So.2d 588

**BOAZ NURSING HOME, INC., a corp.**

v.

**RECOVERY INNS OF AMERICA, INC., a corp., et al.**

**8 Div. 470.**

Supreme Court of Alabama.

Aug. 31, 1972.

T. J. Carnes, Albertville, for appellant.

William J. Baxley, Atty. Gen., Herman H. Hamilton, Jr., Sp. Asst. Atty. Gen., and William D. Coleman, Montgomery, for appellee-garnishee.

McDermott & Slepian, Mobile, and Lusk & Lusk, Guntersville, for appellees Recovery Inns of America, Inc. and American Recovery Inns, Inc.

SOMERVILLE, Justice.

This is an appeal by Boaz Nursing Home, Inc. (plaintiff below) from a judgment of the Circuit Court of Marshall County, Alabama, dated April 13, 1972, quashing and dismissing garnishment proceedings by appellant against The Equitable Life Assurance Society of the United States, hereinafter called Equitable. The

judgment grants Equitable's motion to dismiss, based on its contention that it is acting as Fiscal Agent for the Alabama Board of Health, a state agency under the State's medical assistance program known as "Medicaid" and is thus immune to suit under § 14 of the Constitution of Alabama of 1901. The appellant took a timely appeal and assigned 7 grounds of error but has expressly waived all except numbers 1 and 7.

Assignment 1 simply states that the trial court erred in its judgment of April 13, 1972 in dismissing the garnishment against Equitable.

Equitable's motion to quash was verified and in support thereof Equitable offered and without objection of the plaintiff introduced in evidence an affidavit of Dr. Thomas H. Alphin, Director of Medical Services Administration, Alabama Department of Public Health. The court's judgment recites that upon the hearing of Equitable's motion the plaintiff-appellant admitted that the facts stated in the affidavit were true. Under its Assignment of Error 1, appellant now argues that neither the motion to quash nor the affidavit sufficiently shows any connection between the defendants and the Medicaid program or whether Equitable was or would become indebted to the defendants under said program or otherwise. We summarize below the contents of said motion and affidavit.

The verified motion states: (1) That Equitable is not subject to garnishment "when acting as in this cause" as the Fiscal Agent for the Alabama State Board of Health (Medical Services Administration) in processing for payment claims under the Medicaid program; (2) That as fiscal agent of the State of Alabama Equitable claims the immunity of the State to suit; (3) That as such fiscal agent it holds no funds subject to garnishment and (4) That the garnishment seeks to reach funds of the State not subject to garnishment.

The affidavit of Dr. Alphin states that he is Director of the Medical Services Administration of the Alabama Department of Public Health; that the State has a medical assistance program called "Medicaid", which was established under 42 U.S. C.A. § 1386a and is administered by the Alabama State Board of Health and financed by State and Federal funds; that said Board of Health contracted with Equitable as its nursing home Fiscal Agent; that under said program "providers" such as hospitals and nursing homes present claims to the Fiscal Agent, which audits and reviews the claims and prepares and submits to the State Board of Health aggregated vouchers for approved claims; that funds for payment of approved claims are provided by the State of Alabama to the Fiscal Agent; and that such funds are furnished for the sole purpose of disbursement to "providers" and are placed in a separate account of the Fiscal Agent and do not become the property of the such agent.

The sworn statement in paragraph 1 of Equitable's motion to the effect that it was not subject to garnishment "when acting as in this cause" is sufficient when taken with other allegations to establish the capacity in which it was acting and the fact and nature of its agency in this cause. Taking the motion to quash and the affidavit together we think it can be reasonably inferred therefrom that the only funds held by Equitable were Medicaid funds provided by the State of Alabama. We believe that the documentary evidence would, at least inferentially, support such a finding by the trial court. We note that plaintiff's motion to strike the motion of Equitable states only one ground —namely, that immunity from suit can be claimed by the State alone and not by Equitable. Plaintiff did not question or challenge the sufficiency of the allegations in the motion to quash and affidavit in any in other way. The only issue plaintiff created was the legal right of an agent of the State per se to claim and avail itself of the State's immunity from suit. Foregoing any question of plaintiff's having waived

other grounds of challenge, the record shows no finding of facts by the trial court and on appeal we assume that said court made those findings which the evidence supports and which will justify the judgment rendered. Dockery v. Hamner, 281 Ala. 343, 202 So.2d 550; Martin v. Cameron, 203 Ala. 548, 84 So. 270.

Accordingly we hold that the record supports the finding that Equitable held no funds due the defendants except Medicaid funds.

 Appellant next argues that Equitable when acting as Fiscal Agent of the State Board of Health was not an immediate and strict agent of the State entitled to the protection of § 14 of the Alabama Constitution. On this point appellant in its brief cites Foley v. Terry, 278 Ala. 30, 175 So.2d 461 and Daves et al. v. Rain, 230 Ala. 304, 161 So. 108. *Foley* involved a suit by the family of a deceased employee of the City of Foley to recover Workmen's Compensation under Title 26, §§ 253-313, where deceased died as a result of accidental injury arising out of and in the course of his employment. In accord with prior decisions the court held that the City could not claim immunity from suit under § 14 of Article 1 of the Constitution of Alabama of 1901. In *Daves* the plaintiff obtained a judgment against a creditor of the Board of School Commissioners of Mobile County which he attempted to satisfy by garnishment against the Board. On appeal it was held that boards of education in Alabama are expressly made subject to suit by statute and are not such immediate and strict governmental agencies of the State as to come within the protection of § 14.

To the contrary, appellee cites State v. Louis Pizitz Dry Goods Co., 243 Ala. 629, 11 So.2d 342, wherein this court emphasized that by virtue of said § 14, under no circumstances and in no sort of suit can the State ever be made a defendant in any court, and further held that this prohibition cannot be avoided by suing a State agency when the *substance* and *effect* is a

suit against the State. Also cited by appellee to the same effect is Southall v. Stricos Corp., 275 Ala. 156, 153 So.2d 234, where we held that said § 14 of our Constitution not only prevents a suit against the State, but also against its officers or agents in their official capacity when a result favorable to the plaintiff would directly affect a contract or property right of the State. (Citing State Docks Commission v. Barnes, 225 Ala. 403, 143 So. 581; Mead v. Eagerton, 255 Ala. 66, 50 So.2d 253.)

In several cases we have held that it is the nature of the suit or the relief sought which the courts consider in determining whether an action against a State officer (or agency) is in fact a suit against the State. State v. Norman Tobacco Company, 273 Ala. 420, 142 So.2d 873; Glass v. Prudential Insurance Company, 246 Ala. 579, 22 So.2d 13; Horn v. Dunn Bros., Inc., 262 Ala. 404, 79 So.2d 11.

The recent case of Aland v. Graham, 287 Ala. 226, 250 So.2d 677, sets out four general categories of actions which have been held not to come within the prohibition of § 14: (1) Actions brought to compel State officials to perform their legal duties. Department of Industrial Relations v. West Boylston Manufacturing Co., 253 Ala. 67, 42 So.2d 787. (2) Actions brought to enjoin State officials from enforcing an unconstitutional law. Glass v. Prudential Insurance Co., supra. (3) Actions to compel State officials to perform ministerial acts. Curry v. Woodstock Slag Corp., 242 Ala. 379, 6 So.2d 479. And (4) Actions brought under the Declaratory Judgments Act seeking construction of a statute and how it should be applied in a given situation.

 It is apparent that the case at hand does not fit under any of the four recognized exceptions to strict application of § 14. We consider that the proper tests to apply here are those pronounced in the *Pizitz* and *Southall* cases, supra, viz., whether the substance and effect of the garnishment is a suit against the State and wheth-

er a result favorable to plaintiff would directly affect a contract or property right. Applying these tests we hold that the nature of the garnishment and the relief sought here are such that a favorable result for plaintiff would directly affect both the property rights of the State (namely, its money held by Equitable for disbursement, and its contract to indemnify Equitable against loss, thus expending itself on the public treasury and interfering with the public administration of the Medicaid program).

Our conclusions find support in Allen v. Allen, D.C., 291 F.Supp. 312 and in Arnold v. U. S., D.C., 331 F.Supp. 42 and Johnson v. Johnson, D.C., 332 F.Supp. 510, where the facts closely parallel those in the case at bar.

■ We come now to consideration of Assignment of Error 7, under which appellant insists that sovereign immunity can only be claimed by the State and is waived if not so claimed by it.

■■ It is true, as appellee states, that in so far as the record discloses plaintiff's motion to strike Equitable's motion to quash the garnishment was never ruled on and that generally, in such situations, appellate courts only review rulings of the nisi prius courts. However, we think that appellant's Assignment of Error 1 was broad enough to cover the question of whether sovereign immunity can be claimed by an agent of the sovereign, and we therefore proceed with consideration of that question.

In State v. Pizitz, supra, we held that the protection of § 14 cannot be waived, and in Horn v. Dunn Bros., Inc., supra, we stated:

"The State Department of Revenue now contends that the proceedings below and the decree from which they prosecute this appeal are void as violative of Section 14 of the Constitution of Alabama 1901, which provision prohibits making the State of Alabama a defendant in any court of law or equity. This question was not raised in the nisi prius court, and the taxpayer insists that it may not now be raised for the first time. With this insistence, we cannot agree. If the appellant's contention were valid, neither the court below nor this court has the jurisdiction to render or countenance the decree of 15 May 1953. Among the questions for consideration on this appeal is the problem of jurisdiction of the trial court as a basis for jurisdiction of this Court. Our Court has consistently held that it will take notice of the question of jurisdiction at any time or even ex mero motu. * * *"

We hold that sovereign immunity, being jurisdictional in nature, can be claimed by Equitable as an agent of the Alabama State Department of Health and that the trial court committed no error in quashing and dismissing the writ of garnishment.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.