Plaintiff Milton appeals a summary judgment rendered against him. The issue is whether Milton's action against Espey is barred by Section 14 of the Alabama Constitution *Page 1202 
which declares sovereign immunity. Both Milton and Espey were employees of the University of Alabama. Milton was employed at the Ferguson Center of the University of Alabama as a student assistant, and then as assistant director of the Ferguson Center from March 1, 1973, until August 19, 1974. Espey is the Director of the Ferguson Center.
Milton's complaint contains five counts seeking money damages from Espey. The University is not a party to the suit. Milton claims he and Espey entered into an agreement whereby Espey would employ him at a salary of $223.00 a month and a work load of 20 hours per week. Milton claims that beginning in January, 1974, Espey promised to pay him $387.50 a month for 38.75 work hours per week. Espey allegedly breached the agreement by requiring Milton to work an average of 55 hours per week during this time period without compensation.
Counts One, Two and Five sound in contract. Count Four alleges that during this period Espey was the immediate supervisor of Milton and he supervised Milton in a negligent manner in that he failed to evaluate Milton as provided by the rules and regulations of the University and as a proximate cause thereof Milton's reputation and work record were damaged.
Count Three alleges fraud. It states that during employment negotiations Espey made false representations to Milton, knowing they were false or without knowledge of the true facts, recklessly misrepresented them with the intention that Milton rely upon the misrepresentations. The count further alleges that Milton did in fact rely upon the misrepresentations to his detriment.
Espey filed a motion to dismiss accompanied by an affidavit which states that Milton was employed by the University and his salary was paid by the University; at no time was there any agreement or understanding that Espey would pay or be responsible for Milton's salary. It also states that Milton was employed according to University procedure and was subject to the same rules and regulations as any other University employee in a like position. The affidavit further states there was no agreement between the parties concerning the number of hours Milton would work, as this aspect of his employment was governed by University policy.
The issue is whether this is a suit against the State, which is barred by Section 14 of the Constitution of Alabama. Milton states the issue is whether a suit can be maintained against an agent of the University of Alabama, when the University is admittedly constitutionally immune from suit. Hutchinson v.Board of Trustees of University of Alabama, 288 Ala. 20,256 So.2d 281 (1972); Cox v. Board of Trustees of University ofAlabama, 161 Ala. 639, 49 So. 814 (1909).
Section 14 of the Constitution not only prevents a suit against the State, but against its officers and agents in their official capacity when a result favorable to the plaintiff would directly affect a contract or property right of the State. Boaz Nursing Home, Inc. v. Recovery Inns of America,Inc., 289 Ala. 144, 266 So.2d 588 (1972); Southall v. StricosCorp., 275 Ala. 156, 153 So.2d 234 (1963). The prohibition of Section 14 cannot be circumvented by suing the official or agent individually. See Wallace v. Malone, 279 Ala. 93,182 So.2d 360 (1964).
In determining whether an action against a State officer or agent is in fact a suit against the State, the court considers the nature of the suit or the relief demanded. Boaz NursingHome, Inc. v. Recovery Inns of America, Inc., supra; State v.Norman Tobacco Company, 273 Ala. 420, 142 So.2d 873 (1962).
There is no dispute that in employing Milton, Espey was acting in his official capacity as an agent of the University. Milton admits this. Espey was merely the conduit through which the University contracted with Milton. Thus, a suit seeking money damages for breach of contract, although nominally against Espey individually, comes within the prohibition of Section 14 as a suit against the State. Milton's *Page 1203 
contract was in fact with the University of Alabama. Comer v.Bankhead, 70 Ala. 493 (1881); Wallace v. Malone, supra.
Thus, Counts One, Two, Four and Five are barred by Section 14 and summary judgment was appropriately granted as to these counts.
Count Three which alleges fraud presents an entirely different situation. In Aland v. Graham, 287 Ala. 226,250 So.2d 677 (1971), this court stated:
 "Without professing to cover every situation that has arisen, there are four general categories of action that we have held do not come within the prohibition of Sec. 14. (1) Actions brought to compel State officials to perform their legal duties. Department of Industrial Relations v. West Boylston Manufacturing Co., 253 Ala. 67, 42 So.2d 787; Metcalf v. Department of Industrial Relations, 245 Ala. 299, 16 So.2d 787. (2) Actions brought to enjoin State officials from enforcing an unconstitutional law. Glass v. Prudential Insurance Co. of America, 246 Ala. 579, 22 So.2d 13; Southall v. Stricos Corp., supra. (3) Actions to compel State officials to perform ministerial acts. Curry v. Woodstock Slag Corp., 242 Ala. 379, 6 So.2d 479, and cases there cited. (4) Actions brought under the Declaratory Judgments Act, Tit. 7, § 156 et seq., Code 1940, seeking construction of a statute and how it should be applied in a given situation. Curry v. Woodstock Slag Corp., supra, and cases there cited." 287 Ala. at 229-230, 250 So.2d at 679.
The Aland case does not purport to list all classes of cases not within the prohibition of Section 14. In Unzicker v. State,346 So.2d 931 (Ala. 1977), this court observed that:
 "While the State itself may not be made a party to such action, it does not necessarily follow that its officers, Ray Bass, Claude Kelley and Governor Wallace, in their respective capacities, are also immune. The essence of plaintiffs' complaint is that these officers of the State acted fraudulently, in bad faith, beyond their authority, or acted under a mistaken interpretation of the law. Such allegations bring this case within those not protected by Section 14 of the Constitution. Wallace v. Board of Education of Montgomery Co., 280 Ala. 635, 197 So.2d 428
(1967); Engelhardt v. Jenkins, 273 Ala. 352, 141 So.2d 193 (1962); Finnell v. Pitts, 222 Ala. 290, 132 So. 2 (1930)." (Emphasis added.)
Section 14 does not necessarily immunize State officers or agents from individual civil liability. See also J.B. McCraryCo. v. Phillips, 222 Ala. 117, 130 So. 805 (1930) and Elmore v.Fields, 153 Ala. 345, 45 So. 66 (1907).
The claim asserted in Count Three is fraud, allegedly committed by Espey while acting outside his authority and contrary to the rules and regulations of the University of Alabama. The rules and regulations of the University are not part of the record. What powers and duties Espey has as Director of the Ferguson Center we cannot guess. However, from the record we cannot say that Milton has not raised a material issue of fact or that Espey is entitled to judgment in his favor as a matter of law.
The judgment is reversed and the cause is remanded with respect to Count Three.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.