378 So.2d 696 (1979)
DRUID CITY HOSPITAL BOARD
v.
Arthur EPPERSON et al.
78-482.
Supreme Court of Alabama.
December 7, 1979.
*697 E. H. Hawkins of Dishuck & Hawkins, Tuscaloosa, for appellant.
Jerry L. Weidler, Montgomery, for appellee George C. Dean.
PER CURIAM.
This is a garnishment case. The sole issue before us is the construction and constitutionality of Code 1975, § 6-6-480 et seq., which create the remedy of garnishment against the wages and salaries of state, county and municipal employees.
Appellant Druid City Hospital Board obtained a default judgment on a promissory note executed in exchange for hospital services against Arthur Epperson, now a district judge, in the amount of $12,029.58. Five years after the entry of the judgment, Druid City filed a process of garnishment in the Circuit Court of Tuscaloosa County, naming Epperson as defendant and appellee Dean, the State Comptroller, as garnishee. Dean denied assent to the garnishment, relying on Code 1975, § 6-6-483, which provides that an official of the State of Alabama who is garnished must "assent and consent" that ". . . judgment may be entered in said case . . .."
Druid City contested the denial of assent, and a hearing was held. Dean testified at the hearing that his office routinely withholds assent in all garnishment proceedings because of the administrative expense they would entail, and that this practice has been followed for at least 25 years. The trial court discharged the process of garnishment, and Druid City appealed.
Appellee Dean contends that garnishment of the salary of a state employee is, in effect, a suit against the state and that § 6-6-480 et seq. are unconstitutional and void under Art. I, § 14 of the Alabama Constitution, which provides "That the State of Alabama shall never be made a defendant in any court of law or equity." In the alternative, he argues that if the statute is constitutional the requirement that the garnishee "assent and consent" to the garnishment vests absolute discretion in the garnishee, who may refuse to consent for any reason or for no reason. Finally, Dean asserts that the administrative expense which allowing garnishments would entail is a good and reasonable cause for denying assent.
It is true that the state is immune from suit, and this immunity cannot be waived by the legislature or by any other state authority. Dunn Construction Co. v. State Board of Adjustment, 234 Ala. 372, 175 So. 383 (1937). Art. I, § 14 of the Constitution not only forbids a suit against *698 the state, but against its officers and agents in their official capacity, when a result favorable to the plaintiff or complainant would directly affect a contract or property right of the state. Southall v. Stricos Corp., 275 Ala. 156, 153 So.2d 234 (1963). This immunity from suit cannot be circumvented by suing a state agency if the substance and effect is a suit against the state. State v. Louis Pizitz Dry Goods Co., 243 Ala. 629, 11 So.2d 342 (1943).
However, four general categories of actions have been held not to come within the prohibition of § 14: 1) actions brought to compel state officials to perform their legal duties; 2) actions brought to enjoin state officials from enforcing an unconstitutional law; 3) actions to compel state officials to perform ministerial acts; and 4) actions brought under the Declaratory Judgment Act seeking construction of a statute and how it should be applied in a given situation. Boaz Nursing Home, Inc. v. Recovery Inns of America, Inc., 289 Ala. 144, 266 So.2d 588 (1972); Aland v. Graham, 287 Ala. 226, 250 So.2d 677 (1971).
Tested by these principles, § 6-6-480 et seq. are not violative of the Constitution. Code 1975, § 6-6-370, defines garnishment as:
". . . process to reach and subject money or effects of a defendant in attachment, in a judgment or in a pending action commenced in the ordinary form in the possession or under the control of a third person, or debts owing such defendant or liabilities to him on contracts for the delivery of personal property, on contracts for the payment of money which may be discharged by the delivery of personal property or on contracts payable in personal property; and such third person is called the garnishee." (Emphasis Added)
Thus, a creditor may not garnish property which does not belong to the defendant, and garnishment is available only where the garnishee owes the judgment debtor a debt which is due "absolutely" and "without contingency." Sloss v. Glaze, 231 Ala. 234, 164 So. 51 (1935). See also: 29 Ala.L.Rev. 649, Garnishment In Alabama (1978).
Although the general garnishment statute authorizes garnishment of personal effects, debts and contract rights, Code 1975, § 6-6-370, where the state is the garnishee, Code 1975, § 6-6-480, restricts the remedy to the employee's salary. This is defined to exclude court fees, commissions and percentages or allowances of public officers. These restrictions ensure that no property belonging to the state is subject to garnishment, the state being no more than stakeholder in the dispute between the creditor and the defendant in the garnishment proceeding. The fact that the defendant is a state employee does not necessarily implicate property or contract rights of the state.
This reasoning is consistent with the further reflection that an action brought by the employee against the comptroller to recover his or her salary from the state would not be barred by § 14, but would come within one of the four exceptions to the doctrine which are enumerated in Aland v. Graham, supra. In garnishment proceedings, the creditor stands in the debtor's shoes to enforce the debtor's rights against third parties. Since a state employee could recover his salary, once earned, from the state, there is no constitutional prohibition to allowing a creditor's recovery of the employee's salary in satisfaction of a debt on contract reduced to judgment.
Appellee Dean argues that this issue was decided to the contrary in Boaz Nursing Home, Inc. v. Recovery Inns of America, Inc., supra. This argument misconstrues the scope of the Boaz decision. Boaz involved an attempt to garnish state funds earmarked for payment of Medicaid claims and administered by Equitable Life Assurance Society, the nursing home fiscal agent for the Alabama Board of Health, a state agency. In affirming the trial court's action in quashing and dismissing the process of garnishment, this court held that the plaintiff was attempting to indirectly garnish the state by garnishing its agent, Equitable. Not only was the action brought under the general garnishment statute *699 rather than Code 1975, § 6-6-480 et seq., it violated § 14 because:
". . . the nature of the garnishment and the relief sought here are such that a favorable result for plaintiff would directly affect both the property rights of the State (namely, its money held by Equitable for disbursement, and its contract to indemnify Equitable against loss, thus expending itself on the public treasury and interfering with the public administration of the Medicaid program)." Boaz, supra, 289 Ala. at 148, 266 So.2d at 591.
In holding that the state's interests were directly affected by such a proceeding, the court did not hold that all garnishments in which the state is explicitly or impliedly named a garnishee violate § 14. It simply reiterated the test already developed by the Stricos and Pizitz, supra, line of cases, for determining whether § 14 is violated by any given enactment. Being limited to salaries due government employees, § 6-6-480 et seq. are free from constitutional infirmity in this regard. Whereas Boaz involved a garnishment attempt which, if successful, could have disrupted the administration of the State Medicaid program, no similar danger is posed by garnishment of a state employee's salary.
We turn now to appellees' contention that a state official named as garnishee can refuse to consent to the garnishment for any reason pursuant to Code 1975, § 6-6-483, which provides:
"Where an official of the state of Alabama or other person designated in this division has been garnished, as provided by section 6-6-482, and answer has been filed by said person, in accordance with the mandate of said writ, admitting that the said state of Alabama is due, or will be due, the defendant in said garnishment proceedings money for salary and has said money ready for payment when due, the said answer must also show the assent of said person that judgment may be entered in said case for the amount shown in said answer or so much thereof as may be necessary to satisfy plaintiff's judgment. In no case shall judgment against said official or other person designated in this division as the agent of the state be entered on said answer or in said garnishment proceedings unless such assent and consent to said judgment is shown in said answer. . ." (Emphasis Added)
Earlier cases involving this "assent and consent" provision have merely held that it is applicable only to state officials and is not a prerogative of county and municipal officials. See, e. g., Shepherd v. Jones, 228 Ala. 307, 153 So. 223 (1934); Daves v. Rain, 26 Ala.App. 380, 161 So. 107 (1935). Thus, the extent of a state official's authority to withhold consent has not been decided. We now hold that a state official may refuse "assent and consent" only for good and reasonable cause.
Statutes passed by the legislature should be construed to effect the legislative intent where that intent can be discerned. Additionally, it is presumed that the legislature does not enact meaningless, vain or futile statutes. Adams v. Mathis, 350 So.2d 381 (Ala.1977). Here, it is clear that the legislature intended to create the remedy of garnishment against the salaries of state employees. To construe the phrase "assent and consent" to grant absolute discretion to the state official named as garnishee to withhold assent at will would allow a single individual to nullify the legislative will. Where one interpretation of a statute would defeat its purpose that interpretation will be rejected if any other reasonable interpretation can be given it. McDonald v. State, 32 Ala.App. 606, 28 So.2d 805 (1947). We cannot assume that the legislature intended that the language it used was intended to delegate to a single state official the decision to permit the garnishment of some state salaries and deny it to others with no basis for either decision. Nor do we believe it intended to permit a state official to withhold assent in all cases, as is the case here.
The legislature, itself, cannot act in an arbitrary or capricious manner. Franklin v. State, 232 Ala. 637, 169 So. 295 (1936), quoting Nebbia v. New York, 291 U.S. 502, *700 54 S.Ct. 505, 78 L.Ed. 940, 89 A.L.R. 1439 (1936). It inevitably follows that the legislature cannot delegate power to any person or authority to be exercised arbitrarily or capriciously. We do not believe the legislature intended to do so by the enactment of § 6-6-480 et seq. We hold that the legislature intended that state officials, in granting or withholding assent under § 6-6-483, must act reasonably and not arbitrarily. " . . . where the validity of a statute is assailed and there are two possible interpretations, by one of which the statute would be unconstitutional and by the other would be valid, the court should adopt the construction which would uphold it. . . ." Glass v. Prudential Insurance Co., 246 Ala. 579, 583, 22 So.2d 13, 16 (1945). Since construing "assent and consent" to vest absolute and unguided discretion in state administrative officials would render the statute unconstitutional, we must assume that "assent and consent" implies "for good and reasonable cause."
Appellee Dean's contention that the administrative inconvenience entailed by allowing garnishment proceedings is a good and reasonable cause to deny assent is unpersuasive. In creating the remedy of garnishment against state employees' salaries, the legislature was surely cognizant that the remedy would occasion some inconvenience to those agencies administering it. If we assume that this is a sufficient cause, we allow the legislature to delegate to an administrative official the power to determine when and if a statute will go into effect. This we cannot do in light of Art. IV, § 44 of the Alabama Constitution, which provides: "The legislative power of this state shall be vested in a legislature, which shall consist of a senate and a house of representatives." Mead v. Eagerton, 255 Ala. 66, 50 So.2d 253 (1951).
The judgment below is reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C. J., and BLOODWORTH, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
MADDOX and FAULKNER, JJ., dissent.
MADDOX, Justice (dissenting).
The majority assumes "that `assent and consent' implies `for good and reasonable cause.'" The Legislature, at the time it adopted this statute, or at any time during the 25 years since the state has been refusing to give its "assent and consent," could have included the words "for good and reasonable cause" in the statute. It has not done so. I think the majority incorrectly adds words to the statute under the heading of "legislative intent." Cf. Morgan County Commission v. Powell, 292 Ala. 300, 293 So.2d 830 (1974) (words "subject to approval" of county governing body made governing board approval a prerequisite).
FAULKNER, J., concurs.