HOLMES, Judge.
The plaintiff sued the defendants seeking to recover compensatory damages. The trial court granted the defendants’ motion to dismiss for failure to state a claim upon which relief could be granted. The plaintiff pro se appeals and we affirm.
The dispositive issue is whether the plaintiff’s attempted action constituted a suit against the State of Alabama.
The record discloses the following relevant facts: Plaintiff is a prisoner who is presently incarcerated at Kilby Corrections Facility. The defendants are the Central Review Board for the Department of Social Services and Kilby Corrections Facility, agencies of the State of Alabama, and two employees of the Central Review Board.
Beginning July 10, 1978, plaintiff did clerical work in the prison hospital under the direction of the nursing supervisor. Plaintiff contends that for a period of approximately one year he performed these duties working 12 to 16 hours per day, seven days per week. Allegedly, the inducement for performing these services was the promise of certain prison employees that he would receive a partial commutation of his sentence. This is to say, plaintiff claims he was promised incentive good time credit for the period in which he performed these clerical duties.
Several applications for a good time reduction of his sentence for this time period were made and each was denied. However, plaintiff was apparently finally awarded good time credit effective November 29, 1979.
Plaintiff brought suit seeking compensatory damages for the time spent working in the prison hospital. Having been denied a *1118 partial commutation of his sentence for performing these duties, plaintiff seeks as damages an amount equal to the salaries of the two persons he claims were subsequently hired to do the work he had previously been assigned.
At the outset, we note that suits against the state are prohibited by § 14 of the Alabama Constitution of 1901 which provides: “That the State of Alabama shall never be made a defendant in any court of law or equity.”
Accordingly, it has been held that the circuit court is without jurisdiction to entertain a suit against the state and that such a suit must be dismissed when the court becomes convinced that § 14 has been violated. Aland v. Graham, 287 Ala. 226, 250 So.2d 677 (1971).
Furthermore, the prohibition contained in § 14 cannot be avoided by suing a state agency when the substance and effect is a suit against the state. Boaz Nursing Home, Inc. v. Recovery Inns of America, Inc., 289 Ala. 144, 266 So.2d 588 (1972). Likewise, § 14 prohibits actions brought against the state's officers or agents in their official capacity when a result favorable to the plaintiff would directly affect a contract or property right of the state. Aland v. Graham, supra.
In determining whether an action against a state agency or officer is in violation of the constitutional prohibition, the court considers the nature of the suit or the relief demanded. State v. Norman Tobacco Co., 273 Ala. 420, 142 So.2d 873 (1962).
Looking to the facts of the instant suit, plaintiff is seeking an award of monetary damages from a state agency and/or from its agents who were acting in their official capacity in denying him the desired good time credit. Therefore, the substance and effect of the action is a suit against the state as a result favorable to the plaintiff would directly affect a property right of the state, namely, its money. See, Boaz Nursing Home, Inc. v. Recovery Inns of America, Inc., supra.
The suit being against the state, the learned and distinguished trial judge was correct in granting the defendants’ motion to dismiss.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.