SHORES, Justice.
This is an appeal from the granting of a motion to dismiss on the grounds that any claim against the defendant, Ray D. Bass,* in his capacity as state highway director, was barred by the doctrine of sovereign immunity. The trial court in its order set out the following facts:
“1. On or about October 22, 1976, Southeastern Services, Inc., entered into a contract with the State of Alabama Highway Department whereby the State of alabama Highway Department was to pay a certain sum of monies to Southeastern Services, Inc., for the performance of duties.
“2. On or about November 30, 1976, Southeastern Services, Inc., pledged, sold, assigned, transferred and set over to the plaintiff [First State Bank of Altoona] all sums of money due or to become due from the State of Alabama State Highway Department under and by virtue of the contract of October 22, 1976. Ray D. Bass, as Director of Alabama State Highway Department accepted and agreed to the terms of that assignment on or about November 30, 1976. This assignment was to secure a note obligation of Southeastern Services, Inc., to First State Bank of Altoona dated December 1, 1976.
“3. On or about August 16, 1977, Southeastern Services, Inc., entered into a contract with the State of Alabama Highway Department whereby the State of Alabama Highway Department was to pay a certain sum of monies to Southeastern Services, Inc., for the performance of duties.
“4. On or about August 16, 1977, Southeastern Services, Inc., pledged, sold, assigned, transferred and set over to the plaintiff all sums of money due or to become due from the State of Alabama *897 Highway Department under and by virtue of the contract of August 16, 1977. Ray D. Bass, as Director of Alabama State Highway Department accepted and agreed to the terms of that assignment on or about August 16, 1977. This assignment was to secure a note obligation of Southeastern Services, Inc., to the plaintiff dated March 30, 1979.
“5. Construing the allegations of the complaint most favorably for plaintiff, defendant at some point either failed or refused to pay the proceeds of the contract to plaintiff.
“The complaint seeks damages against Bass in his individual capacity, however, it is agreed that in executing the documents . . . Bass at all times acted in his official capacity as Director of Alabama State Highway Department.”
The defendant filed his motion to dismiss on April 24, 1981, and on June 2, 1981, the court entered its order based on “defendant’s motion to dismiss, documents submitted at the request of the court on the hearing on said motion, and argument of counsel.” The plaintiff, First State Bank of Altoona, appeals. We affirm.
The single issue on this appeal is whether this action constitutes a suit against the State of Alabama and, as such, would be barred by Ala.Const. 1901, Art. I, § 14.
The controlling law in this area has been ably discussed by Justice Almon in Milton v. Espey, 356 So.2d 1201 (Ala.1978), wherein he stated:
The issue is whether this is a suit against the State, which is barred by Section 14 of the Constitution of Alabama. ...
Section 14 of the Constitution not only prevents a suit against the State, but against its officers and agents in their official capacity when a result favorable to the plaintiff would directly affect a contract or property right of the State. Boaz Nursing Home, Inc. v. Recovery Inns of America, Inc., 289 Ala. 144, 266 So.2d 588 (1972); Southall v. Stricos Corp., 275 Ala. 156, 153 So.2d 234 (1963). The prohibition of Section 14 cannot be circumvented by suing the official or agent individually. See Wallace v. Malone, 279 Ala. 93, 182 So.2d 360 (1964).
In determining whether, an action against a State officer or agent is in fact a suit against the State, the court considers the nature of the suit or the relief demanded. Boaz Nursing Home, Inc. v. Recovery Inns of America, Inc., supra; State v. Norman Tobacco Company, 273 Ala. 420, 142 So.2d 873 (1962).
356 So.2d at 1202.
It is uncontroverted that Bass at all times acted in his official capacity as director of the Alabama State Highway Department when he accepted and agreed to the terms of the assignment. Therefore, he was merely a conduit through which the state acted, and this suit is, therefore, a suit against the state barred by § 14 of the Constitution. The order of the court is affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.

 During the pendency of this suit in the circuit court, the defendant Bass left the office of state highway director. Rule 25(d)(1), ARCP, provides that in such a case “his successor is automatically substituted as a party,” and that subsequent proceedings “shall be in the name of the substituted party.” That rule also provides that “any misnomer not affecting the substantial rights of the parties shall be disregarded”: the misnomer is to be disregarded in this case.