Rel: June 21, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2023-2024

_____

## CL-2024-0073

_____

## Ex parte Alabama Medical Cannabis Commission

## PETITION FOR WRIT OF MANDAMUS

## (In re: Alabama Always, LLC

## v.

## Alabama Medical Cannabis Commission)

## (Montgomery Circuit Court: CV-23-231)

PER CURIAM.

The Alabama Medical Cannabis Commission ("the AMCC") has petitioned this court to issue a writ of mandamus directed to the

Montgomery Circuit Court ("the circuit court") compelling the circuit court to vacate two orders that it entered in case number CV-23-231 on January 3 and January 30, 2024, respectively. We dismiss the petition as moot.

Background

In 2021, the Alabama Legislature passed the Darren Wesley "Ato" Hall Compassion Act ("the Act"), Ala. Code 1975, § 20-2A-1 et seq. The Act establishes the AMCC as a state agency with the primary responsibility for awarding and issuing licenses relating to the production of medical cannabis within Alabama. See Ala. Code 1975, § 20-2A-20, § 20-2A-22(b), and § 20-2A-50. In 2022, the AMCC made an "initial offering" of the various medical-cannabis licenses authorized by the Act, see § 20-2A-50(a) (providing, in pertinent part, that "licenses shall be granted to integrated facilities, as well as to independent entities in the following categories: Cultivator, processor, dispensary, secure transporter, and testing laboratory"), and solicited applications for those licenses.

On June 12, 2023, the AMCC initially awarded all the medical-cannabis licenses available in the initial offering; however, the AMCC

rescinded those awards. On August 10, 2023, the AMCC made a second attempt at awarding all the available licenses, but it also rescinded those awards. On December 1 and December 12, 2023, the AMCC again awarded all the available licenses. Alabama Always, LLC ("Alabama Always"), applied for one of the five available integrated-facility licenses, see Ala. Code 1975, § 20-2A-67(b),[1] but the AMCC did not award Alabama Always a license at any point.

On June 22, 2023, after the AMCC's first attempt to award all the available licenses, Alabama Always commenced a civil action against the

---

[1]Section 20-2A-67(a), Ala. Code 1975, provides:

"An integrated facility license authorizes all of the following:

"(1) The cultivation of cannabis.

"(2) The processing of cannabis into medical cannabis, including proper packaging and labeling of medical cannabis products.

"(3) The dispensing and sale of medical cannabis only to a registered qualified patient or registered caregiver.

"(4) The transport of cannabis or medical cannabis between its facilities.

"(5) The sale or transfer of medical cannabis to a dispensary."

AMCC by filing in the circuit court a complaint seeking declaratory and injunctive relief pursuant to § 41-22-10, Ala. Code 1975, a part of the Alabama Administrative Procedure Act ("the AAPA"), Ala. Code 1975, § 41-22-1 et seq., and the Alabama Open Meetings Act, Ala. Code 1975, § 36-25A-1, et seq. The complaint named solely the AMCC as a defendant. Alabama Always sought a judgment declaring that the AMCC had invalidly awarded the medical-cannabis licenses by using unauthorized and unlawful procedures. Alabama Always requested that the circuit court enjoin the issuance of the licenses and require the AMCC to reconsider the awards utilizing what it believed was the proper procedure.

The clerk of the circuit court assigned case number CV-23-231 to the complaint filed by Alabama Always. Subsequently, the circuit court entered orders in case number CV-23-231 to allow numerous parties to intervene in the case. On September 12, 2023, the circuit court designated case number CV-23-231 as "the master case" for processing multiple actions that had been commenced and were pending against the AMCC in that court. The circuit court subsequently entered orders

4

consolidating the various cases involving the AMCC with the master case.

On November 29, 2023, Alabama Always dismissed its complaint against the AMCC, without prejudice, based on a mediated settlement. On December 8, 2023, Alabama Always commenced in the circuit court a second action against the AMCC, which was assigned case number CV-23-901727. On December 27, 2023, Alabama Always filed a motion in case number CV-23-901727 to obtain permission to propound discovery upon the AMCC to determine how the AMCC had formulated its licensing decisions and whether those decisions had been unlawfully made in secret meetings in violation of the Alabama Open Meetings Act. On that same date, Insa Alabama, LLC ("Insa"), another unsuccessful medical-cannabis-license applicant who had earlier intervened in the master case, filed a similar motion in the master case. On January 3, 2024, the AMCC filed an objection to the motions for discovery, but the circuit court entered an order in the master case on that same date permitting limited discovery ("the January 3 order").

On January 5, 2024, the AMCC filed a motion in the master case requesting that the circuit court reconsider the January 3 order; it also

moved the circuit court to enter a protective order limiting the scope of discovery. On January 9, 2024, Alabama Always filed an amended complaint in the master case. While the AMCC's January 5 motions were pending, the circuit court entered an order in the master case on January 13, 2024, allowing Jemmstone Alabama, LLC ("Jemmstone"), Bragg Canna of Alabama, LLC ("Bragg"), and Verano Alabama, LLC ("Verano"), which were other unsuccessful medical-cannabis-license applicants and parties which had intervened in the master case or had brought their own actions against the AMCC, to join in discovery. On January 23, 2024, the AMCC filed a supplemental motion in the master case to include a motion to dismiss all the complaints that had been filed against it and to expand on its motion to reconsider and its motion for a protective order. On January 30, 2024, the circuit court entered an order in the master case denying the AMCC's motion to dismiss, motion to reconsider, and motion for a protective order ("the January 30 order").

On January 31, 2024, the AMCC filed a petition for the writ of mandamus in this court. In its petition, the AMCC argues that the circuit court erred in entering the January 3 and the January 30 orders because, it says, the claims in the master case should have been dismissed for the

failure of Alabama Always to exhaust its administrative remedies, see Ala. Code 1975, § 41-22-20(a),[2] because the requested discovery did not relate to the pending claims in the master case, see Rule 26, Ala. R. Civ. P., and because the circuit court did not comply with the preliminary-hearing requirement of the Alabama Open Meetings Act, see Ala. Code 1975, § 36-25-9.[3] Alabama Always, Insa, Jemmstone, Bragg, and Verano, among others,[4] responded to the mandamus petition. On February 5, 2024, most of those entities moved to dismiss the mandamus petition; this court denied that motion on February 14, 2024.

After reviewing the mandamus petition, this court questioned whether the January 3 and the January 30 orders had been entered in a

---

[2]Section 41-22-20(a), Ala. Code 1975, provides, in pertinent part: "A person who has exhausted all administrative remedies available within the agency, other than rehearing, and who is aggrieved by a final decision in a contested case is entitled to judicial review under [the AAPA]."

[3]Section 36-25A-9(c), Ala. Code 1975, allows a court to order discovery in a case alleging a violation of the Alabama Open Meetings Act only after a preliminary hearing has been conducted in which the plaintiff has met the burden of proving that an improper meeting occurred.

[4]3 Notch Roots, LLC, and Truelieve AL, LLC, which are other parties to the master case, have also responded to the mandamus petition.

void proceeding. It appeared to this court that the circuit court did not have subject-matter jurisdiction in the master case based on the doctrine of State or sovereign immunity. On February 29, 2024, this court ordered the parties to file letter briefs addressing the effect of this court's decision in Alabama Department of Public Health v. Noland Health Services, Inc., 267 So. 3d 873 (Ala. Civ. App. 2018) (holding that a circuit court lacks subject-matter jurisdiction to adjudicate a claim for declaratory relief under § 41-22-10 filed against a state agency entitled to sovereign immunity), on our jurisdiction over the AMCC's mandamus petition. The parties filed responsive letter briefs on March 7, 2024.

On March 11, 2024, this court entered a stay of the mandamus proceedings in this court pending the outcome of any motions to dismiss that had been filed in the master case. On May 16, 2024, the circuit court entered an order resolving several motions seeking dismissal of several of the complaints that had been filed in the master case. On May 17, 2024, the parties, as ordered by this court, filed letter briefs addressing the effect of the circuit court's May 16, 2024, order on this court's

jurisdiction over the petition for the writ of mandamus filed by the AMCC.[5]

## Analysis

Article I, § 14, of the Alabama Constitution of 2022 provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity." "The wall of immunity erected by § 14 is nearly impregnable." Patterson v. Gladwin Corp., 835 So. 2d 137, 142 (Ala. 2002). The sovereign immunity established in § 14 extends to the arms and agencies of the state, see Ex parte Tuscaloosa Cnty., 796 So. 2d 1100, 1103 (Ala. 2000), and "affords the State and its agencies an 'absolute' immunity from suit in any court," Haley v. Barbour Cnty., 885 So. 2d 783, 788 (Ala. 2004) (citing Ex parte Mobile Cnty. Dep't of Hum. Res., 815 So. 2d 527, 530 (Ala. 2001)). As a state agency, the AMCC is immune from being named as a defendant in a court of law or equity pursuant to § 14 of our state constitution.

---

[5]On May 3, 2024, this court also ordered the parties to file letter briefs regarding an April 1, 2024, order entered by the circuit court dismissing the amended complaint filed by Alabama Always in the master case. The parties' letter briefs also addressed that order.

In this case, Alabama Always commenced the master case by filing a complaint naming the AMCC as the lone defendant. That complaint did not invoke the jurisdiction of the circuit court.

> "The jurisdictional bar of § 14 simply 'preclud[es] a court from exercising subject-matter jurisdiction' over the State or a State agency. Lyons v. River Road Constr., Inc., 858 So. 2d 257, 261 (Ala. 2003). Thus, a complaint filed solely against the State or one of its agencies is a nullity and is void ab initio. Ex parte Alabama Dep't of Transp. (In re Russell Petroleum, Inc. v. Alabama Dep't of Transp.), 6 So. 3d 1126 (Ala. 2008) .... Any action taken by a court without subject-matter jurisdiction -- other than dismissing the action -- is void. State v. Property at 2018 Rainbow Drive, 740 So. 2d 1025, 1029 (Ala. 1999)."

Alabama Dep't of Corr. v. Montgomery Cnty. Comm'n, 11 So. 3d 189, 191-92 (Ala. 2008).

In Redbud Remedies, LLC v. Alabama Medical Cannabis Commission, [Ms. CL-2023-0352, Mar. 29, 2024] ___ So. 3d ___ (Ala. Civ. App. 2024), this court, relying heavily on Alabama Department of Public Health v. Noland Health Services, Inc., supra, held that the doctrine of sovereign immunity precludes the filing of a complaint against the AMCC for declaratory and injunctive relief pursuant to § 41-22-10 of the AAPA. We likewise hold in this case that the doctrine of sovereign immunity precludes the filing of a complaint against the AMCC for declaratory and injunctive relief under the Alabama Open Meetings Act. "[B]y virtue of

said § 14, under no circumstances and in no sort of suit can the State ever be made a defendant in any court ...." Boaz Nursing Home, Inc. v. Recovery Inns of America, Inc., 289 Ala. 144, 147, 266 So. 2d 588, 590 (1972). Apparently out of recognition of the doctrine of sovereign immunity, § 36-25A-9(a) of the Alabama Open Meetings Act provides that a complaint seeking relief under that statute "shall name in their official capacity all members of the governmental body remaining in attendance at the alleged meeting held in violation of [Title 36, Chapter 25A]."

As noted, Alabama Always did not name the individual AMCC commissioners in its original complaint. Alabama Always did attempt to amend its complaint on October 6, 2023, to name, as additional defendants, the individual commissioners in their official capacities, but that amendment was ineffective to remedy the jurisdictional defect in the original complaint. A purported amendment to a complaint that is barred by the doctrine of sovereign immunity is itself a nullity. Alabama Dep't of Corr. v. Montgomery Cnty. Comm'n, 11 So. 3d at 193 ("'A defect in subject matter jurisdiction cannot be cured by reissuance of process, passage of time, or pleading amendment.'" (quoting Porter v. Commonwealth, 276 Va. 203, 228, 661 S.E.2d 415, 427 (2008))).

11

Accordingly, the original complaint remained unchanged and was subject to the jurisdictional bar of sovereign immunity.

"This constitutionally guaranteed principle of sovereign immunity, acting as a jurisdictional bar, precludes a court from exercising subject-matter jurisdiction. Without jurisdiction, a court has no power to act and must dismiss the action." Alabama State Docks Terminal Ry. v. Lyles, 797 So. 2d 432, 435 (Ala. 2001). When an action is barred by the doctrine of sovereign immunity, any orders entered by the court other than an order of dismissal are void. See Redbud, ___ So. 3d at ___. A court without subject-matter jurisdiction over a civil action cannot enter any valid orders allowing other parties to intervene in the action or providing for consolidation of the action with other cases. See Solomon v. Liberty Nat'l Life Ins. Co., 953 So. 2d 1211, 1222 (Ala. 2006). Thus, we conclude that the purported joinder of other parties and claims in the master case through invalid intervention orders was ineffective and that the purported consolidation of other cases with the master case[6] did not alter

_____

[6]At any rate, a valid consolidation order does not change the nature of the consolidated cases because each case maintains its separate identity. "'"[I]n consolidated actions ... the parties and pleadings in one action do not become parties and pleadings in the other."' Ex parte Flexible Prods. Co., 915 So. 2d 34, 50 (Ala. 2005) (quoting Teague v.

12

the nature of the master case in any manner that would overcome the action being barred by the doctrine of sovereign immunity.

In Ex parte Cooper, [Ms. SC-2023-0056, Aug. 25, 2023] ___ So. 3d ___ (Ala. 2023), our supreme court considered a petition for the writ of mandamus filed by John R. Cooper, in his official capacity as the Director of the Alabama Department of Transportation ("ALDOT"). In the underlying action, the Baldwin County Bridge Company, LLC ("BCBC"), filed suit against Cooper seeking an injunction halting construction of a bridge that ALDOT had hired Scott Bridge Company, Inc., to build over the Intracoastal Waterway in Baldwin County. The Montgomery Circuit Court entered an order compelling Cooper to respond to certain discovery requests propounded to him by BCBC; however, Cooper asserted, the ordered responses were protected by executive privilege. Cooper filed a petition for the writ of mandamus with the Alabama Supreme Court, which determined that the injunction action against Cooper was barred by the doctrine of sovereign immunity. The supreme court determined that, because the doctrine of sovereign immunity precluded the

Motes, 57 Ala. App. 609, 613, 330 So. 2d 434, 438 (Civ. 1976))." Solomon v. Liberty Nat'l Life Ins. Co., 953 So. 2d 1211, 1222 (Ala. 2006).

injunction claim and required its dismissal, the discovery order and the petition for the writ of mandamus arising from the discovery order were both moot.

In this case, the doctrine of sovereign immunity barred Alabama Always from commencing the master case against the AMCC. Therefore, the only valid action that the circuit court could have taken and can take now is to dismiss the master case. The January 3 and January 30 orders entered in the master case are void, and the petition for the writ of mandamus arising from those orders is moot.[7]

---

[7]In its mandamus petition, the AMCC asserts that, although Alabama Always filed its motion for discovery in case number CV-23-901727, the circuit court entered the January 3 and January 30 orders only in the master case. Therefore, the AMCC filed its mandamus petition in reference to only the master case. However, the January 30 order indicates on its face that it "relates" to other cases, including case number CV-23-901727 and case number CV-23-901800, an action commenced by Jemmstone on December 27, 2023. On April 1, 2024, the circuit court dismissed case number CV-23-901727 on the motion of Alabama Always, see Rule 41(a), Ala. R. Civ. P.; if the January 3 and January 30 orders were entered in that case, the dismissal has rendered them ineffective. See Ex parte Baumgardner-Pickle, 355 So. 3d 329, 332 (Ala. Civ. App. 2021) (holding that voluntary dismissal returns parties to original position as if action had never been brought). However, if the January 3 and January 30 orders were entered in the Jemmstone action -- case number CV-23-901800 -- which the circuit court found it had in its May 16, 2024, order -- those orders may be effective in that case. We express no opinion on that point, however, because the AMCC did not file a petition for the writ of mandamus directed toward that civil action. See

<u>Conclusion</u>

Based on <u>Ex parte Cooper</u>, supra, and the foregoing reasoning, we conclude that the January 3 and January 30 orders entered in the master case are void orders arising from an action that is barred by the doctrine of sovereign immunity.  We direct the circuit court to dismiss the master case and to vacate all orders entered in that case including the January 3 and January 30 orders.  We dismiss this mandamus petition as moot.

PETITION DISMISSED WITH INSTRUCTIONS.

All the judges concur.

---

Rule 21(a)(1)(B), Ala. R. App. P. (requiring petitioner to designate the civil-action number that is the subject of a mandamus petition in the statement of the case).