431 So.2d 529 (1983)
Michael Richard CARTER
v.
BOARD OF TRUSTEES OF the UNIVERSITY OF ALABAMA IN BIRMINGHAM, et al.
81-1043.
Supreme Court of Alabama.
April 22, 1983.
*530 James B. Morton of Topazi, Morton & McNamee, Birmingham, for appellant.
Ina B. Leonard, Birmingham, for appellees.
BEATTY, Justice.
The plaintiff, Michael Richard Carter, appeals from a summary judgment in favor of the University of Alabama in Birmingham Board of Trustees and certain University employees. We affirm as to all defendants, concluding that the state's constitutional immunity from suit bars this action for wrongful termination of employment and breach of contract.
Carter was a nonfaculty employee at the hospital of the University of Alabama in Birmingham (UAB) from 1974 to 1979, when his superiors terminated his employment. In accordance with procedures set out in a UAB employee handbook, Carter filed a grievance. This was heard by a committee comprised of one member named by Carter, one named by the University administration, and a third chosen by the first two members. After hearing the evidence, the grievance committee recommended that Carter be reinstated with back pay on the ground that dismissal was "too severe a penalty" for his conduct. The committee member selected by UAB dissented, recommending that the termination be upheld.
As required by the employee handbook, the grievance committee submitted its report and recommendations to Lionel C. Skaggs, assistant vice president for personnel administration. He accepted the committee's findings of fact, but disagreed that termination was too severe a penalty and decided not to reinstate Carter. Carter then appealed under the grievance procedure to the president of UAB, Dr. S. Richardson Hill, who upheld the termination.
In October 1980 Carter filed suit against the UAB Board of Trustees (Board) and three UAB employees: Skaggs, Hill, and James E. Moon, administrator of UAB. As amended, the complaint alleged wrongful termination of employment and breach of contract. In the latter count, Carter labeled the grievance proceedings an arbitration and claimed that the defendants breached a contract to submit the dispute to arbitration for final resolution. The complaint sought specific enforcement of the grievance committee decision, i.e. reinstatement with back pay and lost benefits. (In a separate action apparently still pending Carter has asserted defamation claims against the above defendants and certain others.)
The defendants answered and moved for summary judgment. The trial court granted their motion, noting that Carter fully utilized an established grievance procedure which "culminated in a decision by the President of the University in refusing to reverse the decision of the Assistant Vice President of Personnel Administration of the University to dismiss the plaintiff, notwithstanding the recommendation of the Grievance Committee to reinstate him." By this language the trial court evidently found as fact that there was no contract making the grievance committee's decision into an arbitration binding on UAB. The trial court reached conclusions of law as follows:

*531 "The Plaintiff's employment here has been shown to be terminable at the will of either party. Hinrichs v. Tranquilaire Hospital, 352 So.2d 1130, (Ala.1977). Furthermore, this action is, in actuality, a suit against the State of Alabama for which the State has immunity. Hutchinson v. Board of Trustees of University of Alabama, 288 Ala. 20 [256 So.2d 281] (1971). It lastly appears that the Plaintiff's action is one to specifically enforce a contract of employment prohibited by the provisions of § 8-1-41(2), Code of Alabama 1975."
It is clear that the Board shares the state's constitutional immunity from suit. Hutchinson v. Board of Trustees of University of Alabama, 288 Ala. 20, 256 So.2d 281 (1971) (Ala. Const. art. 1, § 14, shields University Board of Trustees from suit for breach of contract by UAB Hospital). To avoid this barrier, Carter asks that we construe his complaint as a petition for mandamus because the complaint sought general relief and alleged sufficient facts to support such a petition. Carter claims that because neither Skaggs nor Hill had discretion to veto the decision of the "arbitration committee," reinstatement of his employment was a ministerial act which could be compelled by a court. Carter thus seeks to invoke a traditional exception to sovereign immunity. See Aland v. Graham, 287 Ala. 226, 250 So.2d 677 (1971).
We reject this contention for two reasons. First, the extraordinary relief now sought should have been requested from the trial court. We are not free on appeal to amend the complaint. Second, Carter has given us no reason whatsoever to believe that the grievance committee decision can be considered arbitration or that it was binding on UAB. The employee handbook specifically terms the committee decision a "recommendation," and states that the assistant vice president for personnel administration "will render a decision." On appeal, "the decision of the President shall be final," according to the handbook. Carter argues that these provisions cannot be allowed to give the defendants a "veto power over such an arbitration." However, he fails to explain how he can transform the grievance proceedings into an arbitration. Therefore, we have no basis for compelling affirmance of the grievance committee decision as a ministerial act.
Because Carter sued not only a state agency but individual state employees, we must consider whether in this aspect the suit is actually against the state. "The prohibition of Section 14 [of the Constitution] cannot be circumvented by suing the official or agent individually." Milton v. Espey, 356 So.2d 1201, 1202 (Ala.1978). That case involved a suit by a University of Alabama employee for breach of contract and fraud against the supervisor who allegedly altered the terms of the plaintiff's employment. We allowed the fraud claim but held that the defendant's supervisor
"was merely the conduit through which the University contracted with [the plaintiff]. Thus, a suit seeking money damages for breach of contract, although nominally against [the defendant] individually, comes within the prohibition of Section 14 as a suit against the State. [The plaintiff's] contract was in fact with the University of Alabama."
Id. at 1202-03. Similarly, in the present case, Carter entered into a contract of employment not with the individual defendants but with UAB. Therefore, his claim for wrongful termination of employment and breach of contract is a suit against UAB and barred by § 14. It is not necessary to reach the issues of whether Carter's employment was terminable at will or whether the action is barred by Code of 1975, § 8-1-41(2).
We note that Milton v. Espey, supra, was reaffirmed in our recent decision limiting the scope of tort immunity for state employees, DeStafney v. University of Alabama, 413 So.2d 391 (Ala.1982). DeStafney is not relevant here since Carter's tort claims against the individual defendants are the subject of a separate law suit.
For the reasons stated above, the judgment is affirmed.
AFFIRMED.
*532 TORBERT, C.J., concurs.
MADDOX, JONES and SHORES, JJ., concur in the result.
JONES, Justice (concurring in the result).
I concur in the result. I would decide the issue on the authority of Espey, as reaffirmed in DeStafney, and not on the authority of Hutchinson.