The sole issue on appeal is whether the trial court was correct in dismissing plaintiff's complaint against all the named defendants based on the doctrine of sovereign immunity.
The plaintiff filed his complaint against Auburn University; Hanley Funderburk, as President of Auburn University; James O. Williams, as Chancellor of Auburn University at Montgomery; Fob James, as ex officio President of the Board of Trustees of Auburn University; Dr. Wayne Teague, as ex officio member of the Board of Trustees of Auburn University; R.C. Bamberg, as Vice-president of the Board of Trustees of Auburn University; and Robert H. Harris, Charles M. Smith, III, John Pace, III, Henry Steagall, John Denson, Frank P. Samford, Jr., William Nichols, Michael McCartney, and Morris Savage, as members of the Board of Trustees of Auburn University.
Plaintiff alleged that he was hired on December 7, 1981, by Auburn University as a police officer at the Auburn University at Montgomery (AUM) campus for an annual salary of $10,500. The authority for Auburn to hire security personnel is found in Code 1975, § 16-48-12. Plaintiff further *Page 346 
alleged that the 1974 University Personnel Manual stated that the university policy was to maintain salary schedules for all classifications that would assure uniform treatment of comparable positions, and that under this manual by these schedules plaintiff should have been hired for $11,200. Finally, plaintiff alleged that because he was paid less than authorized by the university compensation plan for his job classification, this constituted fraud, a breach of a confidential relationship, and willful breach of an employment contract.
As a consequence, the plaintiff sought money damages, and an order compelling Auburn to pay him a salary in conformity with the compensation plan. Plaintiff, in his first amendment to the complaint, alleged that the salary for his job classification, as established by the compensation plan, was approximately $11,200, and that the university's agents were guilty of fraud and bad faith and acted beyond their authority when they established his annual salary below the salary set by the university compensation plan. Plaintiff, in his second amendment, added Hanley Funderburk, individually and as President of Auburn University, and James O. Williams, individually and as chancellor of AUM, and substituted Robert T. Phillips and Linda Shonesy, both individually and as agents, servants, or employees of Auburn University, for the fictitious parties named in the original complaint.
Plaintiff originally sought an injunction to compel Auburn University to pay him a salary that conformed with the university compensation plan for his job classification and to compel the university to conform with an overtime plan contained in a 1973 personnel manual, as well as compensatory damages of $100,000. In his amended complaint, he requested a writ of mandamus to compel defendants to pay him a salary as specified in the university compensation plan for his job classification.
The trial court granted the defendants' motion to dismiss and this appeal ensued.
The trial court ruled that the state's constitutional immunity, as set forth in Ala. Const., art. 1, § 14, shielded the defendants from suit in this instance. See Carter v. Boardof Trustees of the University of Alabama at Birmingham,431 So.2d 529 (Ala. 1983); Bell v. Chisom, 421 So.2d 1239 (Ala. 1982); First State Bank of Altoona v. Bass, 406 So.2d 896 (Ala. 1981); Moody v. University of Alabama, 405 So.2d 714 (Ala. 1981); Carter v. Forester, 395 So.2d 65 (Ala. 1981), as cited by the trial court in its order granting the defendants' motion to dismiss.
Appellant argues that the doctrine of sovereign immunity should not be applicable in this instance because Auburn University is a public corporation which, as an entity separate and distinct from the state, can issue bonds to which the state's credit is not pledged. See Code 1975, §§ 16-48-1
through 16-48-12; see also Opinion of the Justices, 294 Ala. 571, 319 So.2d 699 (1975). Appellant further contends that because Auburn University receives funds from sources other than the State of Alabama, a contract or property right of the state is not affected.
In the early case of Cox v. Board of Trustees of theUniversity of Alabama, 161 Ala. 639, 49 So. 814 (1909), the Court stated:
 ". . . It therefore clearly appears that the University of Alabama, by whatever corporate name or under the control of whatever agents it may be, is a part of the state; that it was founded by the state; that it is under the state control, and that the University is therefore a public municipal corporation. . . .
"* * * *
 "The cases above referred to settle the law in this state that public institutions created by the state purely for charitable or educational purposes are a part of the state, or a mere agency of the state; that the property of such corporations is really and in fact the property of the state, and that they are not subject to suit under section 14 of the Constitution of 1901, which prohibits the state from being made a party defendant in any court of law or equity, although the charters *Page 347 
and acts of the Legislature incorporating such institutions expressly provide that they may sue and be sued as an individual. . . ."
161 Ala. at 648-649, 49 So. at 817.
In a more recent case, the Court, quoting from an earlier case, emphasized:
 "The power of the State to create a body corporate as its agent to carry on certain special kinds of work for its benefit or for the public interest cannot be doubted. And where this power is exercised, the institution thus established is in every sense a State institution, and belongs to the State, although managed and its affairs administered under the supervision of trustees of the body corporate created for that purpose. . . . And where [the corporations] are created, who has the property interest in these institutions? Clearly the State. In the exercise of its right of sovereignty it established them for public purposes; it donates the property or the funds to purchase it upon which they are built, supplies the means by which they are maintained and operated. They have no capital stock, or shares held by individuals. Indeed, they have no membership or stockholders. They are not created for profit, but solely as public benefactors, the beneficiaries being the people who compose the State."
Armory Commission of Alabama v. Staudt, 388 So.2d 991, 992-993
(Ala. 1980) (quoting White v. Alabama Insane Hospital, 138 Ala. 479,482, 35 So. 454 (1903)). Thus, as this Court concluded and held in Armory Commission of Alabama v. Staudt, supra:
 ". . . Whether a lawsuit against a body created by legislative enactment is a suit against the state depends on the character of power delegated to the body, the relation of the body to the state, and the nature of the function performed by the body. All factors in the relationship must be examined to determine whether the suit is against an arm of the state or merely against a franchisee licensed for some beneficial purpose." (Citation omitted).
388 So.2d at 993.
Despite appellant's argument to the contrary, we conclude that because of the character of the power delegated to it by the state, its relation to the state as an institution of higher learning, and the nature of the function it performs as an institution of higher learning, Auburn University is an instrumentality of the state and therefore immune to suit by the terms of Section 14 of our state constitution. The motion to dismiss with respect to Auburn University was, therefore, due to be granted.
Generally, Section 14 of the constitution not only prohibits suits against the state, but also suits against its officers and agents in their official capacity when a result favorable to the plaintiff would directly affect a contract or property right of the state. Milton v. Espey, 356 So.2d 1201, 1202 (Ala. 1978). That case involved a suit by a university employee for breach of contract and fraud against a supervisor who allegedly altered the terms of plaintiff's employment. This Court allowed the fraud claim. The appellant here has alleged that the university's agents were guilty of fraud and bad faith and acted beyond their authority. Hence, the individuals named as defendants in appellant's complaint are not protected by the terms of Section 14. Unzicker v. State, 346 So.2d 931, 933
(Ala. 1977); Wallace v. Board of Education of MontgomeryCounty, 280 Ala. 635, 639, 197 So.2d 428, 431-432 (1967). SeeCarter v. Board of Trustees of the University of Alabama atBirmingham, 431 So.2d 529, 531 (Ala. 1983), and Aland v.Graham, 287 Ala. 226, 229, 250 So.2d 677, 679 (1971).
Based on the allegations of the appellant's complaint, we reverse the trial court's order dismissing this action as to the named defendants other than Auburn University, and remand the case to the trial court for further action consistent with this opinion. *Page 348 
AFFIRMED, IN PART; REVERSED, IN PART; AND REMANDED.
TORBERT, C.J., and SHORES and BEATTY, JJ., concur.
JONES, J., concurs specially.