I respectfully dissent. Although I agree with the majority that plaintiff has stated a cause of action consistent with the decisions this Court has made in this field of the law, I would not reach the question of duty at this stage in the litigation.Sellers v. Thompson, 452 So.2d 460 (Ala. 1984); Rigby v. AuburnUniversity, 448 So.2d 345 (Ala. 1984); Gill v. Sewell,356 So.2d 1196 (Ala. 1978); Unzicker v. State, 346 So.2d 931 (Ala. 1977). As strange as it may seem, both parties agreed at oral argument that they had not engaged in discovery before the circuit court granted summary judgment for all defendants. Because of the far-reaching ramifications of this decision, I would remand this case to allow both sides to engage in extensive discovery to determine if the defendants acted in bad faith, beyond or in excess of their authority, negligently or wantonly, or under a mistaken impression of the good-time law when they released the two prisoners involved here before they served their lawful terms. A flushing out of the facts may reveal that the allegations of the complaint do not comport with the facts. Then, and only then, would we reach the issue of duty dealt with in the majority holding.
FAULKNER, J., concurs.