MURDOCK, Justice
(concurring in the result).
The claims of detinue and conversion in this case are framed by the plaintiff, who is the “master of her complaint,” as claims against the petitioners personally, or in their individual capacities. If we were to treat these claims as they are framed by the plaintiff, they would fail on their merits rather than on the ground of immunity. Specifically, the ground on which they would fail on their merits would be simply that the defendants have not breached a duty owed to the plaintiff in their individual capacities. It is only in their official capacities that they owe any duty or in which they have acted or could act.[1]
*552 Ultimately, therefore, I believe that disposing of claims framed like those in the present case as barred by the doctrine of sovereign immunity as if they were official-capacity claims involves the use of a legal fiction. But it is a useful legal fiction. Treating such claims as “in effect against the State” allows the trial court to consider dismissing them at an early stage in the litigation based on a defense of immunity and, in turn, allows interlocutory appellate review by mandamus of the trial court’s decision in this regard. As a result, the use of this legal fiction may be as efficacious a way as any to articulate a rule of decision that protects the State’s ability to act lawfully through its employees and agents and to protect its contract and property rights, without the time and cost of litigation being imposed on those agents. Compare Ex parte Dickson, 46 So.3d 468, 474 (Ala.2010):
“In any event, a suit for injunctive relief against a State official in his or her individual capacity would be meaningless. This is so, because State officials act for and represent the State only in their official capacities. Consequently, the members are not aided by [Ex parte ] Cranman[, 792 So.2d 392 (Ala.2000),] or its progeny.”
(Some emphasis added.) See also DeStafney v. University of Alabama, 413 So.2d 391, 394 (Ala.1981) (quoting Milton v. Espey, 356 So.2d 1201, 1202-03 (Ala.1978)):
“ ‘There is no dispute that in employing Milton, Espey was acting in his official capacity as an agent of the University. Milton admits this. Espey was merely the conduit through which the University contracted with Milton. Thus, a suit seeking money damages for breach of contract, although nominally against Espey individually, comes within the prohibition of Section U. as a suit against the State. Milton’s contract was in fact with the University of Alabama.’ ”

. A University of South Alabama ("USA”) employee may have physical possession of the logbook, but he or she has that possession not in his or her individual capacity, but only as an arm or conduit of USA; he or she has no personal authority over the disposition of the logbook. Likewise, a USA employee may have physically removed the logbook from the *552 plaintiff’s office, but the employee did so in accordance with the instruction of a superior and as an arm of USA and, in so doing, did not, in his or her individual capacity, breach a duty owed to the plaintiff.