# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2014-CA-01420-SCT

*AUSTIN CHAZ RAMSEY*

*v.*

*AUBURN UNIVERSITY AND KEVIN YOXALL*


| | |
|---|---|
| DATE OF JUDGMENT: | 09/05/2014 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN, III |
| TRIAL COURT ATTORNEYS: | WAYNE E. FERRELL, JR. |
| | STEPHEN DON HENINGER |
| | DONALD ALAN WINDHAM, JR. |
| | WYNN M. SHUFORD |
| | JOHN G. SMITH |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | WAYNE E. FERRELL, JR. |
| | ADRIENNE P. FRASCOGNA |
| | STEPHEN DON HENINGER |
| ATTORNEYS FOR APPELLEES: | DONALD ALAN WINDHAM, JR. |
| | WILLIAM L. SMITH |
| | BENJAMIN GILBERT BRYANT |
| | WYNN M. SHUFORD |
| | WILLIAM H. KING, III |
| | S. ANDREW KELLY |
| | JOHN G. SMITH |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 02/25/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., KITCHENS AND COLEMAN, JJ.**

**KITCHENS, JUSTICE, FOR THE COURT:**

¶1.     While attending Auburn University on a full football scholarship, Austin Chaz Ramsey permanently injured his back in the university's weight room in Auburn, Alabama.

Ramsey filed suit in the Circuit Court of Madison County, Mississippi, against Auburn University and Kevin Yoxall, Auburn's head strength and conditioning coach. Both defendants filed motions to dismiss, arguing that venue was improper in Madison County, Mississippi. The circuit court found that there were no facts creating venue in Madison County and dismissed Ramsey's complaint without prejudice.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2. The following facts are taken from Ramsey's complaint[1] and from evidence in the record. Ramsey was a talented football player from Madison, Mississippi. During his junior year in high school, Ramsey suffered a contusion to his lower back. This back injury, by Ramsey's own admission, was minor, and he made a "100% recovery." During his senior year of high school in 2006-2007, Ramsey played football at Madison Central High School and performed so well on the football field that Tommy Tuberville, the head football coach at Auburn University in Auburn, Alabama, offered him a full football scholarship.

¶3. On February 7, 2007, Ramsey executed a National Letter of Intent in Madison County, Mississippi, in which he committed to play football for Auburn University. Shortly thereafter, Kevin Yoxall, Auburn's head strength and conditioning coach, mailed Ramsey a training schedule for the purpose of preparing him to play football at Auburn. The training schedule included instructions for Ramsey to perform "power cleans," an Olympic weightlifting exercise.

---

[1] Ramsey filed the complaint on July 1, 2011. Later, he filed a motion to amend his complaint that was denied by the trial court. All references to the "complaint" refer to the original complaint that was filed on July 1, 2011, not to the proposed amended complaint.

¶4.     In the summer of 2007, Ramsey moved from Madison County, Mississippi, to Alabama and enrolled in Auburn University for the purpose of participating in a summer football training camp. Before attending the training camp, Ramsey had passed all physical examinations and unanimously was certified by medical professionals as being healthy enough to participate in Division I football. During orientation, Ramsey's father informed Yoxall that Ramsey's doctors had instructed Ramsey not to include "power cleans" in his training regimen so that he would not reinjure his back. Yoxall told Ramsey and his family that Ramsey would not be required to do "power cleans" during the course of his strength and conditioning training.

¶5.     During his freshman year at Auburn in 2007, Ramsey secured a starting position as an offensive lineman. On December 3, 2007, Auburn's strength and conditioning staff advised Ramsey to do a "power clean." During his performance of the "power clean," Ramsey injured his back. Despite this injury, Ramsey continued to play football for Auburn.

¶6.     Ramsey experienced lingering lower back pain throughout the spring of 2008. On March 11, 2008, he visited a specialist in orthopedic surgery in Birmingham, Alabama. The surgeon recommended a conservative course of treatment in lieu of surgery, including epidural steroid injections to block Ramsey's back pain. However, these injections did not alleviate Ramsey's pain, so he underwent back surgery on April 21, 2008.

¶7.     In May 2008, Ramsey's orthopedic surgeon told Ramsey that he was allowed to resume participating in training gradually but that he was not allowed to lift weights. Despite these medical restrictions and Ramsey's recent surgery, on June 2, 2008, the strength and

3

conditioning staff at Auburn instructed Ramsey to perform a one-legged box squat while wearing a weighted vest and while holding two barbells. This exercise, which Ramsey performed at Auburn University, caused another injury to Ramsey's back, which precluded his playing football. According to Ramsey, Auburn staff members had harassed and cajoled him into violating his physicians's orders. After Ramsey was injured, his position coach kicked him off the football team, and Auburn University rescinded his scholarship and meal plan. On January 21, 2009, Ramsey had to have another surgery to repair damage to his back.

¶8.    On July 17, 2009, Ramsey filed a complaint in the United States District Court for the Northern District of Alabama, alleging that Arnold Gamber, an athletic trainer employed by Auburn University, and Hugh Nall, an assistant coach employed by Auburn University, negligently had caused his back injuries by instructing him to perform one-legged box squats after his back surgery in 2008. After the district court found that venue was proper in the United States District Court for the Eastern District of Alabama and transferred the case, that court granted summary judgment in favor of the defendants on February 7, 2011.

¶9.    On July 1, 2011, Ramsey filed the instant action in the Circuit Court of Madison County, Mississippi, naming Kevin Yoxall and Auburn University as defendants. Ramsey alleged negligence, wantonness, and intentional infliction of emotional distress against Yoxall and the University. According to his complaint, by making Ramsey perform "power cleans" and by forcing him to engage in exercises involving weights against his doctor's advice in June 2008, the defendants had caused Ramsey to suffer an injury which ended his football-playing career.

4

¶10.   On August 12, 2011, Auburn University filed a motion to dismiss, arguing that venue was not proper in Madison County and that the case should be dismissed pursuant to the doctrine of *forum non conveniens* because Alabama would be a more appropriate forum. Alternatively, Auburn University asserted that it was entitled to absolute immunity under Alabama law.[2]

¶11.   The same day, Kevin Yoxall filed a motion to dismiss Ramsey's complaint, arguing that, pursuant to Mississippi's venue statute, no county in Mississippi could provide proper venue for Ramsey's complaint. Further, Yoxall asserted that the doctrine of *forum non conveniens* required the Circuit Court of Madison County to dismiss Ramsey's complaint because the interests of justice and the convenience of the relevant witnesses would be served best by the courts of Alabama. Yoxall also argued that the complaint should be dismissed for lack of personal jurisdiction.

¶12.   On May 14, 2012, Ramsey filed a motion for leave to file an amended complaint. Ramsey's proposed amended complaint was substantially different from his original complaint. The proposed amended complaint alleged that "at the time of filing of the Complaint on July 1, 2011, [Ramsey] was living at his address . . . [in] Madison, Mississippi." By comparison, in his original Mississippi complaint, Ramsey had alleged that

---

[2] Auburn University, as an instrumentality of the state of Alabama, enjoys absolute civil immunity under the Alabama Constitution. Ala. Const. art. I, § 14 ("[T]he State of Alabama shall never be made a defendant in any court of law or equity."); **Rigby v. Auburn University**, 448 So. 2d 345, 347 (Ala. 1984) ("Auburn University is an instrumentality of the state and therefore immune to suit by the terms of Section 14 of our state constitution.").

5

he was "an adult resident citizen of the State of Alabama." Further, in his proposed amended complaint, Ramsey asserted:

> [O]n several occasion[s] when Austin Chaz Ramsey was performing power cleans pursuant to Kevin Yoxall's and Auburn university's instructions [while he was living in Madison, Mississippi,] . . . he felt pain in his back and injured his back which required treatment prior to Austin Chaz Ramsey leaving for Auburn University in May of 2007.

This was a significant departure from the facts previously alleged in his complaint, in which he stated that the back injury he sustained while he was a junior in high school was "minor" and that he had made a "100% recovery" before enrolling in Auburn University. Further, in addition to the three tort claims he had asserted in his complaint, Ramsey pled other claims in his proposed amended complaint including "Breach of Contract," "Breach of Covenant of Good Faith and Fair Dealing," "Detrimental Reliance," and "Misrepresentations, False Statements and Fraudulent Reliance."

¶13. Both Auburn University and Yoxall filed briefs opposing the amendment, arguing that Ramsey's proposed amended complaint was not based on a fair representation of the facts and was an attempt to hoodwink the Madison County Circuit Court into finding that venue was proper in Madison County.

¶14. On September 5, 2014, the Madison County Circuit Court denied Ramsey's motion to amend his complaint and dismissed the case without prejudice, finding:

> This cause came before the Court on the motions to dismiss of Defendants Auburn University and Kevin Yoxall for improper venue pursuant to Rule 12(b)(3) of the Mississippi Rules of Civil Procedure. Upon consideration of the motions and submissions of the parties, the Court finds that venue is not proper in this Court under Miss. Code Ann. § 11-11-3. Moreover, the Court finds that Plaintiff's proposed Amended Complaint would be a futile attempt

6

to create venue, and thus Plaintiff's Motion for Leave of Court to File Amended Complaint is hereby DENIED. Accordingly, Defendants' motions to dismiss are hereby GRANTED, and this action is DISMISSED without prejudice.

¶15. Ramsey has appealed, asserting eight issues:

(1) The Circuit Court abused its discretion and erred in granting Defendants' Motions to Dismiss.

(2) Venue is proper in Madison County pursuant to Miss. Code Ann. 11-11-3(1)(a)(I) as well as the Mississippi Rules of Civil Procedure.

(3) If venue was improper, the appropriate remedy was transfer not dismissal.

(4) Madison County is the most convenient forum.

(5) Chaz Ramsey's causes of action are properly brought in Madison County and venue is proper in Madison County, Mississippi.

(6) Sovereign immunity does not apply to the defendants in this case and public policy mandates that Mississippi law be applied.

(7) Alternatively, even if this Court should find Mississippi's choice of law principles suggest the application of Alabama law, Mississippi public policy prevents the application of Alabama law.

(8) The Circuit Court erred in refusing to grant jurisdictional discovery on the venue issue.

¶16. Significantly, Ramsey does not claim that the trial court erred by denying his motion to amend his complaint. This Court has consolidated Ramsey's issues for decision as follows:

I. Whether the trial court erred in its determination that venue was not proper in Madison County, Mississippi, pursuant to Section 11-11-3(1)(a)(I) of the Mississippi Code.

II. Whether the trial court erred in denying Ramsey discovery for the purpose of finding facts which could establish venue in Madison County, Mississippi.

7

III. Whether issues related to the doctrine of *forum non conveniens*, choice of law, and personal jurisdiction are appropriate for this Court's consideration.

## DISCUSSION

### I. Whether the trial court erred in its determination that venue was not proper in Madison County, Mississippi, pursuant to Section 11-11-3(1)(a)(I) of the Mississippi Code.

¶17. Ramsey argues that the trial court erred by finding that venue was improper in Madison County. This Court reviews a trial court's determinations regarding venue for an abuse of discretion. *Janssen Pharmaceutica, Inc. v. Armond*, 866 So. 2d 1092, 1097 (Miss. 2004). "'Of right, the plaintiff selects among the permissible venues, and his choice must be sustained unless in the end there is no credible evidence supporting the factual basis for the claim of venue.'" *Hedgepeth v. Johnson*, 975 So. 2d 235, 238 (Miss. 2008) (quoting *Flight Line, Inc. v. Tanksley*, 608 So. 2d 1149, 1155 (Miss. 1992)); *accord Armond*, 866 So. 2d at 1098 ("A plaintiff's choice of a forum should not be disturbed except for weighty reasons.").

¶18. Mississippi's venue statute provides four permissible venue options for "[c]ivil actions of which the circuit court has original jurisdiction": (1) "the county where the defendant resides," or (2) "if a corporation, . . . the county of its principal place of business," or (3) "the county where a substantial alleged act or omission occurred," or (4) the county "where a substantial event that caused the injury occurred." Miss. Code Ann. § 11-11-3(1)(a)(I) (Rev. 2004). If a plaintiff cannot establish venue under one of these four criteria against a nonresident defendant, "a civil action against a nonresident may be commenced in the county where the plaintiff resides or is domiciled." Miss. Code Ann. § 11-11-3(1)(b) (Rev. 2004).

8

Ramsey asserts that venue is appropriate in Madison County, Mississippi, for three reasons: (1) defendants Auburn University and Kevin Yoxall committed "a substantial alleged act or omission" in Madison County, (2) an injury-causing event occurred in Madison County, and (3) Ramsey, the plaintiff, is a resident and domiciliary of Madison County.

*A. Whether venue is proper under Section 11-11-3(1)(a) because a substantial act or omission committed by either defendant or an injury-causing event occurred in Madison County.*

¶19. Ramsey first argues that venue is appropriate in Madison County, Mississippi, under Mississippi Code Section 11-11-3(1)(a)(I) because Auburn University and Yoxall committed "a substantial alleged act or omission" in Madison County. Particularly, Ramsey argues that Yoxall, the Auburn football team's strength and conditioning coach, sent him a workout plan, which included "power cleans," to his parents' address in Madison County while he was in high school and that his compliance with the workout plan was a condition of his football scholarship to Auburn. Further, Ramsey argues that his back was injured in Mississippi by complying with Yoxall's workout plan between the time that he committed to play football at Auburn in February 2007 and the time that he enrolled in Auburn University in May 2007.

¶20. This Court has held that "where the . . . basis of the suit is an act or omission by a party, venue may lie in the county in which that party's act or omission took place, not the county in which the *plaintiff* acted." **Holmes v. McMillan**, 21 So. 3d 614, 619 n.5 (Miss. 2009) (emphasis added) (citation omitted). "[S]imply experiencing the effects of an act or omission in a county is insufficient to establish venue." **AFLAC v. Ellison**, 4 So. 3d 1049, 1051 (Miss. 2009) (citation omitted).

9

¶21.     In ***Wood v. Safeway Insurance Company***, 114 So. 3d 714 (Miss. 2013), a plaintiff, Safeway Insurance Company, tried to establish venue in Rankin County because an insurance policy application "was delivered and made to Safeway within [Rankin County] and Application processing for the insurance policy contract . . . was submitted by Defendant(s) to and accepted and processed by Safeway's office in [Rankin County]." ***Id.*** at 717. Stated differently, Safeway Insurance Company argued its acceptance of the defendant's insurance application and drafting of the relevant contract created venue in Rankin County. This Court held that the place in which the plaintiff read and processed the contract was irrelevant for the purpose of establishing venue. ***Id.*** at 719. The Court emphasized that the relevant analysis was based on the acts or omissions of the defendants and unaffected by the passive effects felt by the plaintiffs in Rankin County. ***Id.***

¶22.     Similarly, in ***Medical Assurance Company of Mississippi v. Myers***, 956 So. 2d 213 (Miss. 2007), this Court held that actions by the plaintiff, including receipt of mail, were an "insufficient basis for establishing venue." ***Myers***, 956 So. 2d at 218-19. This Court found that the plaintiff's receipt of communications in its home county was "a passive function of [its] presence there." ***Id.*** at 219.

¶23.     Ramsey has presented evidence that he signed a National Letter of Intent and sent it to Auburn University in Auburn, Alabama, while he was in Madison County, Mississippi. And he has averred that he received a workout plan, with instructions to perform "power cleans," at his address in Madison County. In light of this Court's holdings in ***Myers*** and ***Wood***, Ramsey's receipt of mail at his residence and his signing of his National Letter of

Intent in Madison County, standing alone, are insufficient to create venue in Madison County. For venue to be proper in Madison County, a causal connection between the defendants' alleged acts or omissions and the plaintiff's injury must exist in that county. *See Myers*, 956 So. 2d at 219.

¶24.    Ramsey seems to argue that, simply because he was a resident of Madison County and was domiciled in Madison County at the time the injury occurred, Yoxall and Auburn University committed a "substantial act or omission" in Madison County. But the county of the *plaintiff*'s residence or domicile is relevant for the purpose of determining venue under present Mississippi law, specifically, Mississippi Code Section 11-11-3(1)(b). Section 11-11-3(1)(b) is relevant only when venue cannot be established in Mississippi under Section 11-11-3(1)(a). Miss. Code Ann. § 11-11-3(1)(b) (Rev. 2004) ("If venue in a civil action against a nonresident defendant cannot be asserted under paragraph (a) of this subsection (1), a civil action against a nonresident may be commenced in the county where the plaintiff resides or is domiciled."). We address the question of whether Ramsey was domiciled in Madison County below in Issue IB.

¶25.    Ramsey also argues that venue was proper in Madison County because "a substantial event that caused the injury occurred" there. Miss. Code Ann. § 11-11-3(1)(a)(I) (Rev. 2004). He argues that, by following Yoxall's pre-enrollment workout plan, he sustained injuries to his back in Madison County. If true, this would create venue in Madison County because Madison County then would be a place "where a substantial event that caused the injury occurred." Miss. Code Ann. § 11-11-3(1)(a)(I). But this argument avails Ramsey nothing,

11

because he did not plead such facts in his complaint, and the trial court denied his motion to amend the complaint. Moreover, Ramsey does not contend on appeal that such denial by the trial court was erroneous.

¶26. In his complaint, Ramsey stated that the back injury he sustained while he was a junior in high school was "minor" and that he had made a "100% recovery" before enrolling in Auburn University. Moreover, Ramsey asserted that, before attending Auburn's summer training camp, he had passed all physical examinations and was unanimously certified by medical professionals as healthy enough to participate in Division I football. Further, Ramsey alleged that, when his father told Yoxall that Ramsey was not supposed to perform "power cleans," Yoxall assured Ramsey that he would not be asked to do that exercise as part of his training. Thus, according to the facts averred in his complaint, Ramsey had not yet been injured at the time he left Mississippi to play football in Alabama. Rather, Ramsey pled that, while he was working out at Auburn University in December 2007, Auburn's staff asked him to do a "power clean," and it was during the course of this specific exercise, in Alabama, that Ramsey was injured. Ramsey's complaint failed to aver that an event that caused the injury occurred in Madison County, Mississippi.

¶27. Because Defendant Kevin Yoxall does not reside in Madison County, Mississippi, because Defendant Auburn University is not incorporated or situated in Madison County, Mississippi, and because Ramsey has not articulated that the defendants either committed a "substantial alleged act or omission" or that "a substantial event that caused the injury occurred" in Madison County, Mississippi, the trial court did not abuse its discretion in

12

finding that Madison County, Mississippi, was not the proper venue for Ramsey's suit under Section 11-11-3(1)(a)(I).

> *B. Whether venue was proper under Section 11-11-3(1)(b) because Ramsey was a resident or domiciliary of Mississippi when the complaint was filed.*

¶28. Mississippi Code Section 11-11-3(1)(b) provides that, if a Mississippi resident cannot establish venue based on Section 11-11-3(1)(a)(I) of the Mississippi Code, "a civil action against a nonresident may be commenced in the county where the plaintiff resides or is domiciled." Miss. Code Ann. § 11-11-3(1)(b). Ramsey argues that he was a resident and domiciliary of Madison County when he filed the complaint on July 1, 2011.

¶29. When considering whether the plaintiff has selected an appropriate venue, it is necessary to begin with the "well-pleaded allegations of the complaint[,]" or any "other evidence in cognizable form [,]" including affidavits. *Flight Line, Inc. v. Tanksley*, 608 So. 2d 1149, 1155 (Miss.1992). Additionally, it is well settled that "the plaintiff selects among the permissible venues, and his choice must be sustained unless in the end there is no credible evidence supporting the factual basis for the claim of venue." *Id.*

¶30. In his complaint, Ramsey averred that he was "an adult resident citizen of the State of Alabama." No facts in the complaint suggest that Ramsey was a resident of or domiciled in Mississippi at the time the complaint was filed. Thus, the Court must consider other relevant evidence in the record concerning Ramsey's residence and domicile. *Flight Line, Inc.*, 608 So. 2d at 1155.

¶31. In an affidavit executed on May 3, 2015, and attached to his response to Auburn's motion to dismiss, Ramsey stated that: "Even though I moved to Auburn University as a

student athlete in June of 2007, I considered myself and <u>I was considered to be a permanent resident citizen of Madison County, Mississippi and the State of Mississippi and my domicile was always the State of Mississippi</u>" (Emphasis in original.) But in the same affidavit, Ramsey averred that he "became a resident citizen of the State of Alabama on or about February 28, 2011."

¶32. The record discloses no credible evidence that Ramsey was a resident of Mississippi when he filed the complaint. Indeed, Ramsey conceded in both his complaint and in his affidavit that he was a resident citizen of Alabama when he filed the complaint. As this Court has held, "[t]he foundation of domicile is intent." *Stubbs v. Stubbs*, 211 So. 2d 821, 825 (Miss. 1968). Stated differently, "[a]s a domicil[e] may be acquired by a longer or shorter residence, depending upon the circumstances of the case, its true basis and foundation must be the intention, the *quo animo* of evidence. The apparent or avowed intention of residence, not the manner of it, constitutes domicil[e]." *Hairston v. Hairston*, 27 Miss. 704, 719 (1854). Moreover, "even where a party has two residences at different seasons of the year, that will be esteemed his domicil[e] which he himself selects, or describes, or deems to be his home, or which appears to be the centre of his affairs, or where he votes or exercises the rights and duties of a citizen." *Id.* (citation omitted).

¶33. In his proposed amended complaint, Ramsey averred that "in February 2011, [he] registered to vote in the State of Alabama and obtained an Alabama driver['s] license so he could take advantage of benefits available to those who lived in the State of Alabama." This Court has defined domicile as where a person "votes or exercises the rights and duties of a

14

citizen." We find that the trial court did not abuse its discretion in determining that Ramsey was not domiciled in Mississippi at the time he filed his complaint. Because no credible evidence exists, either alleged in the complaint or in supporting affidavits, to suggest that Ramsey was a resident or domiciliary of Mississippi at the time the complaint was filed, venue was improper in Madison County, Mississippi. The trial court did not err in dismissing Ramsey's complaint without prejudice.

> *C. Whether the Circuit Court of Madison County erred by dismissing Ramsey's complaint without prejudice rather than transferring it to an appropriate venue.*

¶34.    Ramsey argues that the trial court erred by dismissing this case without prejudice instead of transferring it to the appropriate venue. Ramsey relies upon Section 11-11-17 of the Mississippi Code, which provides:

> Where an action is brought in any justice court of this state, of which the court in which it is brought has jurisdiction of the subject matter, but lacks venue jurisdiction, such action shall not be dismissed because of such lack of proper venue, but on objection on the part of the defendant shall, by the court, be transferred, together with all prepaid costs remaining after the court in which the action was originally brought has deducted the costs incurred in that court, to the venue to which it belongs.

Miss. Code Ann. § 11-11-17 (Rev. 2004). This statute is inapposite because it applies only to justice courts. *See id.* ("Where an action is brought in any justice court . . . .").[3]

---

[3] Rule 82(d) of the Mississippi Rules of Civil Procedure, instead of Section 11-11-17 of the Mississippi Code, applies to a motion to transfer venue in Mississippi circuit courts:

> When an action is filed laying venue in the wrong county, the action shall not be dismissed, but the court, on timely motion, shall transfer the action to the court in which it might properly have been filed and the case shall proceed as though originally filed therein. The expenses of the transfer shall be borne by the plaintiff. The plaintiff shall have the right to select the court to which the

15

¶35.    Mississippi trial courts lack authority to transfer cases to Alabama trial courts. In

*McCain Builders, Inc. v. Rescue Rooter, LLC*, this Court held:

> The trial court's order transferring the action to Tennessee, however, was an
> abuse of discretion. The circuit court, after properly finding that it was without
> personal jurisdiction over Rescue Rooter, erred when it went on to state: "This
> case is transferred to the Circuit Court of Franklin County, Tennessee" and
> entitled its order as an "Order of Transfer." Nowhere is a Mississippi state
> court empowered to require a filing in a court in a sister state, or to affect the
> sister state's procedural requirements for validating an action. Although the
> court cited our venue statute, Miss. Code Ann. § 11-11-11 (1972), in its order
> of transfer, the statute provides that the court transfer a pending case to "some
> convenient county." *See also* M.R.C.P. 82(d). The phrase "some convenient
> county" means some convenient Mississippi county.

*McCain Builders, Inc. v. Rescue Rooter, LLC*, 797 So. 2d 952, 956 (Miss. 2001). Because

Mississippi trial courts lack the authority to transfer cases to the courts of the other states,

Ramsey's argument that the trial court should have transferred the case is without merit.

**II. Whether the trial court erred in denying Ramsey discovery for the
purpose of finding facts which could establish venue in Madison County.**

¶36.    Ramsey next argues that the trial court erred in refusing to compel discovery for the

purpose of establishing venue and personal jurisdiction. "Trial courts are afforded broad

discretion in discovery matters, and this Court will not overturn a trial court's decision unless

there is an abuse of discretion. . . . " *Ashmore v. Miss. Auth. on Educ. Television*, 148 So.

3d 977, 981 (Miss. 2014).

---

action shall be transferred in the event the action might properly have been
filed in more than one court.

M.R.C.P. 82(d).

16

¶37.   After both Kevin Yoxall and Auburn University filed motions to dismiss, Ramsey filed a motion to compel discovery.[4] However, as Ramsey concedes in his brief, the trial court never ruled on the motion to compel. The Mississippi Uniform Rules of Circuit and County Court Practice provide: "It is the duty of the movant, when a motion or other pleading is filed. . . to pursue said motion to hearing and decision by the court." URCCC 2.04. Further, "[t]he affirmative duty [to obtain a ruling on a motion] rests upon the party filing the motion to follow up his action by bringing it to the attention of the trial court. . . . A motion that is not ruled upon is presumed abandoned." *Cossitt v. Alfa Ins. Corp*. 726 So. 2d 132, 134 (Miss. 1998). Because Ramsey failed to obtain a ruling on his motion to compel discovery, he abandoned his discovery argument.

¶38.   Even if this Court were to address Ramsey's discovery argument on the merits, he would be entitled to no relief. Citing *Wyatt v. Kaplan*, 686 F.2d 276 (5th Cir. 1982), Ramsey asserts that he is entitled to venue and personal-jurisdiction-related discovery as of right. Ramsey's argument does not fairly represent *Wyatt*'s holding. *Wyatt* provides: "The decision not to permit depositions on a motion to dismiss for lack of personal jurisdiction is specifically one for the trial court's discretion, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Id.* at 283 (internal citations omitted).  Ramsey has not articulated how discovery from either defendant would bolster his argument that venue was proper in Mississippi. Thus, the circuit court's failure

---

[4] We note that only Ramsey's motion to compel discovery from Yoxall appears in the record. However, the docket sheet shows that Auburn University filed a response to Ramsey's motion to compel, indicating that Ramsey had moved to compel discovery from both defendants.

17

to compel Auburn University and Yoxall to respond to Ramsey's discovery requests could not have been "clear abuse." *See **id.*** at 285 ("Even if discovery established that the defendants in this case have additional, presently unknown, contacts with Texas, this showing would not avail in Wyatt's effort to bring the defendants within [the provisions of the Texas long-arm statute].").

### III. Whether issues related to the doctrine of *forum non conveniens*, choice of law, and personal jurisdiction are appropriate for this Court's consideration.

¶39.    Ramsey also raises issues on appeal regarding whether the Madison County Circuit Court had personal jurisdiction over Kevin Yoxall, whether the Madison County Circuit Court had to apply Alabama or Mississippi law in deciding this case, and whether the doctrine of *forum non conveniens* requires that this case be decided in Alabama. The circuit court did not address these issues in its order dismissing the case without prejudice on the basis of venue. The trial court did not address personal jurisdiction, choice of law, or *forum non conveniens*, three other defenses which could have entitled the defendants to dismissal of Ramsey's complaint under Rule 12(b)(3).[5] Ramsey essentially requests that this Court issue an advisory opinion for the purpose of preemptively resolving these issues in his favor. "As a matter of judicial policy, this Court does not issue advisory opinions." ***Hughes v. Hosemann***, 68 So. 3d 1260, 1263 (Miss. 2011). We do not address these issues as they are not appropriate for this Court's review.

---

[5] Because Auburn University, as an instrumentality of the state of Alabama, enjoys absolute civil immunity under the Alabama Constitution, choice of law is a defense under Rule 12(b)(3). *See* Ala. Const. art. I, § 14; ***Rigby v. Auburn Univ.***, 448 So. 2d 345, 347 (Ala. 1984).

18

**CONCLUSION**

¶40.    Because venue was not proper in Madison County and the trial court did not err in failing to compel discovery on the questions of venue and personal jurisdiction, we affirm the judgment of the Circuit Court of Madison County dismissing this action without prejudice.

¶41.    **AFFIRMED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KING, COLEMAN, MAXWELL AND BEAM, JJ., CONCUR.**