# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-01203-COA

**AKECHETA MORNINGSTAR**                                             **APPELLANT**

**v.**

**PERKINS LAW FIRM, FELECIA PERKINS,**                              **APPELLEES**
**AND JESSICA AYERS**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/08/2020 |
| TRIAL JUDGE: | HON. DAVID ANTHONY CHANDLER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | AKECHETA MORNINGSTAR (PRO SE) |
| ATTORNEYS FOR APPELLEES: | FELECIA PERKINS JESSICA NICOLE AYERS |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY AND PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 11/30/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLTON, P.J., LAWRENCE AND EMFINGER, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1.     Akecheta Morningstar appeals the circuit court's dismissal of his county court appeal. Because Morningstar failed to pay the cost bond within thirty days of the final judgment, as required by Mississippi Code Annotated section 11-51-79 (Rev. 2019), the circuit court lacked jurisdiction over Morningstar's appeal. We therefore affirm the circuit court's order dismissing the appeal.

## FACTS

¶2.     This case involves lengthy litigation between Morningstar and the Perkins Law Firm,

Felecia Perkins, and Jessica Ayers (collectively, the appellees) that began in 2014, when the appellees provided legal services and represented Morningstar in a civil matter. Morningstar ultimately filed a complaint against the appellees seeking monetary damages based on the appellees' prior representation of him. In his complaint, Morningstar alleged that the appellees breached their duty of "adequate professionalism" and "took advantage of a mentally ill man, [de]frauded him, and slandered his name."

¶3. The appellees filed a motion to dismiss Morningstar's complaint.[1] Morningstar filed a response opposing the appellees' motion. After a hearing on the matter, the county court entered an order on January 24, 2020, granting the appellees' motion to dismiss and denying Morningstar's request for monetary sanctions against the appellees. The county court docket shows that on February 5, 2020, Morningstar filed a motion to reconsider and a motion for the recusal of the county court judge.[2] The docket does not reflect that the county court ever ruled on either of Morningstar's post-dismissal motions.

¶4. On February 21, 2020, Morningstar filed his notice of appeal from the county court's January 24, 2020 order of dismissal. The docket reflects that on March 2, 2020, Morningstar

---

[1] This document does not appear in the record. Morningstar's designation of the record in his appeal from the county court and in his appeal from the circuit court both reflect that Morningstar only requested certain documents to be made part of the record on appeal. However, the county court docket shows that the appellees filed this motion to dismiss on January 6, 2020.

[2] This document does not appear in the record. In any event, the motion was not filed within ten days of the entry of judgment and, therefore, did not toll the time for filing a notice of appeal from the judgment of the county court. *See, e.g.*, *Woods v. Victory Mktg. LLC*, 111 So. 3d 1234, 1236 (¶¶8-9) (Miss. Ct. App. 2013).

paid $127.25 in cash for his appeal costs. The record contains a statement of cost issued by the circuit clerk on June 22, 2020, reflecting that Morningstar paid $127.25 toward his appeal costs in the circuit court but shows that Morningstar still owed $10.45 toward his appeal costs.

¶5. After the recusal of several circuit court judges, Morningstar's appeal was assigned to a special circuit judge. After Morningstar filed his appellate brief in the circuit court, the appellees filed a motion to dismiss Morningstar's appeal. In their motion, the appellees also requested monetary sanctions against Morningstar. The appellees argued that because Morningstar failed to pay the cost bond within thirty days of the county court's final judgment, the circuit court should dismiss Morningstar's appeal.

¶6. Morningstar responded and denied that he failed to pay his appeal costs on time. Morningstar asserted that "[t]hese proceedings were initiated during the height of the Covid-19 problem. Everything was in disarray and the [c]ourt system was running behind schedule." Morningstar claimed that due to delays with the United States Postal Service, he did not receive notice that he owed a balance on his cost bond until July 11, 2020. Morningstar further claimed that he did not receive the county court's January 24, 2020 order dismissing his complaint until February 18, 2020.

¶7. On October 8, 2020, the circuit court entered an order granting the appellees' motion to dismiss. The circuit court denied the appellees' request for monetary sanctions.

¶8. Morningstar now appeals.

**DISCUSSION**

¶9.    In his appellate brief, Morningstar argues that the "only issue" on appeal is whether the circuit court erred by dismissing Morningstar's appeal "due to [his] being a few days late in perfecting [his] appeal." Morningstar asserts that the circuit court disregarded his claim and that, pursuant to Mississippi Rule of Civil Procedure 5, the circuit clerk was obligated to properly notify Morningstar "by mail, email, or phone call" about the January 24, 2020 order dismissing his case, yet the circuit clerk failed to fulfill that obligation.[3] Morningstar claims that the failure to properly notify him about the January 24, 2020 order of dismissal affected the time for his filing an appeal.

¶10.    We find that the record does not support Morningstar's claim that he did not receive sufficient notice of the January 24, 2020 order of dismissal.[4] The county court docket shows that on February 5, 2020, Morningstar filed a motion to reconsider and a motion for the recusal of the county court judge. As stated, no ruling on these motions by the county court

---

[3] In his reply brief, Morningstar accuses the circuit clerk of "vehemently" refusing to accept any funds from him relating to appeal costs or to notarize his compliance form. Morningstar maintains that because the circuit clerk was "setting [him] up for failure," he was late in perfecting his appeal. Morningstar offers no evidence in support of his accusations.

[4] In Morningstar's response to the appellees' motion to dismiss the appeal in the circuit court, Morningstar argued that he did not receive notice of the January 24, 2020 order of dismissal until February 18, 2020. In his appellate brief before this Court, Morningstar does not submit any specific dates; rather, he just alleges that he did not receive "proper notice" of the order.

appears in the record or on the docket.[5]

¶11.    Turning to address the timeliness of Morningstar's appeal from the county court, we recognize that section 11-51-79 provides, in pertinent part, that "[a]ppeals from the county court shall be taken and bond given within thirty (30) days from the date of the entry of the final judgment or decree on the minutes of the court[.]"  The Mississippi Supreme Court has held that "[a] cost bond is jurisdictional because it is a statutory requirement for an appeal." *T. Jackson Lyons & Assocs. P.A. v. Precious T. Martin Sr. & Assocs. PLLC*, 87 So. 3d 444, 451 (¶23) (Miss. 2012).  Additionally, "[Uniform Civil] Rule [of Circuit and County Court Practice] 5.04 requires that the costs of the appeal be paid within thirty days of the judgment or order being appealed in order for the appealing party to perfect the appeal."  *Belmont Holding LLC v. Davis Monuments LLC*, 253 So. 3d 323, 331 (¶33) (Miss. 2018); *see* UCRCCC 5.04 ("[T]he notice of appeal and payment of costs must be simultaneously filed and paid with the circuit court clerk within thirty (30) days of the entry of the order or judgment being appealed.  The timely filing of this written notice and payment of costs will perfect the appeal.").

¶12.    The record reflects that on February 21, 2020, Morningstar filed his notice of appeal

---

[5] *See* UCRCCC 2.04 ("It is the duty of the movant, when a motion or other pleading is filed, including motions for a new trial, to pursue said motion to hearing and decision by the court."); *Ramsey v. Auburn Univ.*, 191 So. 3d 102, 112 (¶37) (Miss. 2016) ("[T]he affirmative duty to obtain a ruling on a motion rests upon the party filing the motion to follow up his action by bringing it to the attention of the trial court.  A motion that is not ruled upon is presumed abandoned.").

from the county court's January 24, 2020 order of dismissal. Although Morningstar's notice of appeal was timely filed within thirty days of the entry of the final judgment, Morningstar failed to pay the cost bond within thirty days of the final judgment as required by section 11-51-79. The docket shows that Morningstar did not prepay the estimated costs of the appeal until March 2, 2020.[6] A statement of cost issued by the circuit clerk reflects that as of June 22, 2020, Morningstar still owed a balance of $10.45 toward the cost bond.

¶13.    Our jurisprudence is clear that when a party fails to timely pay the cost bond, the appeal is not perfected, and the circuit court lacks appellate jurisdiction. *Gibson v. Bell*, 312 So. 3d 318, 324 (¶25) (Miss. 2020) ("[B]ecause Gibson failed to timely pay the cost bond, his appeal was not perfected, and the circuit court lacked appellate jurisdiction."); *Belmont Holding*, 253 So. 3d at 330 (¶28) ("Because Belmont failed timely to pay the cost bond [within thirty days of the county court's final judgment], the circuit court did not have appellate jurisdiction."); *White v. White*, 314 So. 3d 128, 128 (¶1) (Miss. Ct. App. 2020) ("White failed to pay the cost bond within the statutorily required thirty days, and we therefore affirm the dismissal of White's appeal because the circuit court lacked appellate jurisdiction."). Because Morningstar failed to timely pay his cost bond within thirty days of

---

[6] No estimate of costs is found in the record; however, Mississippi Rule of Appellate Procedure 11(b)(1) states that "if the appellant is unable to obtain an estimate [of cost] from a clerk within the seven (7) days [after filing the notice of appeal], the appellant shall calculate the estimate at the statutory rate per page for the approximate number of pages of clerk's papers." *See also Belmont Holding*, 253 So. 3d at 329 (¶24) ("Rule 11 is the 'cost bond' rule, and it provides that the 'appellant shall estimate the cost of preparation of the record on appeal' and pay that cost to the court clerk.").

the final judgment as required by section 11-51-79, the circuit court lacked appellate jurisdiction.  We therefore affirm the circuit court's order dismissing Morningstar's appeal.

¶14.	**AFFIRMED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**